**Lannie Lee PATTON, an infant, by his mother and next friend, Mrs. Laura Mae Patton, Plaintiff,**

**v.**

**W. Freeland BENNETT, Henry Louis Scott, Joe Donaldson, Dr. Charles D. Couser, Robert L. Williams, Boyd Spaulding, Walter McDaniel, Rufus Smith, Tom A. Faris, W. D. Allen, County Board of Education of Franklin County, Tennessee, consisting of Charles Crownover and all of the foregoing defendants except W. Freeland Bennett, Henry Louis Scott and W. D. Allen, Charles Crownover and Fred Langford, Supt. of Franklin County Schools, Defendants.**

**No. 894.**

United States District Court
E. D. Tennessee,
Winchester Division.

June 25, 1969.

---

efforts to conceal his participation in the preparations (Tr. of Dec. 6, 1966, pp. 78–83).

6. Separate Tr. of Dec. 8, 1966.

7. Tr. of April 3, 1967, pp. 22–23, 53–64.

8. *Id.*, p. 29 et seq.

9. Petitioner did not call trial counsel to testify at the hearing before me, nor was it suggested that counsel was unavailable.

Avon N. Williams, Jr., Nashville, Tenn., for plaintiffs.

Lynch, Lynch & Lynch, Winchester, Tenn., for defendants Scott, Donaldson, Couser, Williams, Spaulding, McDaniel, Smith, Faris, Allen, Crownover & Langford.

Joe S. Bean, Winchester, Tenn., Charles H. White, Gullett, Steele, Sanford & White, Nashville, Tenn., for defendant Bennett.

## MEMORANDUM OPINION
## AND ORDER

NEESE, District Judge.

This is an action by the plaintiff, a citizen of the United States and a student in the public school system of Franklin County, Tennessee, who claims he was subjected to the deprivation of his immunity against cruel and unusual punishment (as guaranteed by the Eighth Amendment to the federal Constitution), to the deprivation of his right to be secure in his person (under the Fourth Amendment thereof), and to the deprivation of his right to the equal protection of the laws (under the Fourteenth Amendment thereof), by the defendant W. Freeland Bennett, a teacher in that system, while the latter was acting under color of the public education statutes, regulations, custom and usage of the state of Tennessee. 42 U.S.C. § 1983. The plaintiff claims Mr. Bennett jerked a chair from under him and caused him to fall to the floor of the study hall of one of such schools for a minor infraction, proximately causing him physical injuries and embarrassment and humiliation in the presence of his fellow-students.

The defendant County Board of Education is claimed to be liable under the doctrine of respondeat superior for such deprivations on the part of Mr. Bennett. The individual defendants are members of that board or administrative officials thereof, who, the plaintiff claims, were proximately negligent in employing Mr. Bennett and assigning him duties which were likely to result in his confronting a situation such as claimed here.

The plaintiff Mr. Patton claims further that the individual defendants conspired to prevent or hinder the constituted authorities of the state of Tennessee, and especially of Franklin County, from giving and securing to him and others similarly situated in the racial class of which the plaintiff is a member, equal protection of the laws. 42 U.S.C. § 1985(3). A mandatory injunction is sought to remove Mr. Bennett from any employment in which he might be in a position to further so prevent and hinder these authorities in so doing.

All the defendants move for a dismissal of the complaint, claiming that it fails to state a claim against any of them on which relief can be granted, Rule 12(b) (6), Federal Rules of Civil Procedure. They claim further that they are immune from prosecution of any tortious conduct on the part of Mr. Bennett by Tennessee law.

■■ The motion as to the defendant County Board of Education has merit and hereby is granted. That board is not a "person" within the meaning of the civil rights statutes. Deane Hill Country Club, Inc. v. City of Knoxville, C.A. 6th (1967), 379 F.2d 321, 324 [2], citing Monroe v. Pape (1961), 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492. The motion is good also as to the defendants Messrs. Crownover and Langford, respectively, neither of whom is claimed to have been a member of the education board or its superintendent on November 1, 1967, when the acts complained of occurred. As to the aforenamed defendants, therefore, the motion hereby is granted.

■ Although in Tennessee county boards of education are entities of the state, which exercise governmental functions in the operation of its public schools and ordinarily are not liable in private actions for acts done while engaged in the performance of those duties, unless such liability is expressly fixed by statute, Reed v. Rhea County (1949), 189 Tenn. 247, 225 S.W.2d 49, 50 [2–5], [6], their members and teachers cannot be accorded complete immuni-

ty, but only a qualified privilege. **Thus,** the extent of the defendants' insulation from liability under the Civil Rights Act cannot properly be determined by reference to the local rule of Tennessee. "* * * Surely each state cannot be left to decide for itself which of its officials are completely immune from liability for depriving a citizen of rights granted by the Federal Constitution. The question must be decided as a matter of general law. * * *" Nelson v. Knox, C.A. 6th (1958), 256 F.2d 312, 314 [1].

■ These defendants have a qualified privilege, giving them a defense against civil liability for harms caused by acts done by them in good faith in the performance of their official duties as they understood them, but they are liable in damages for any harm which they inflicted intentionally upon the plaintiff. *Cf.* Cobb v. City of Malden, C.A. 1st (1953), 202 F.2d 701, cited in Dunn v. Gazzola, C.A. 1st (1954), 216 F.2d 709, 711 [5, 6].

■■ It is stipulated that the (now remaining) defendants were acting under color of state law. A fair reading of the claims of the plaintiff are to the effect that the individual defendants acted intentionally to deprive him of his lawful rights. The facts alleged in the complaint, for the purposes of the present consideration, are assumed to be true. Cooper v. Pate (1964), 378 U.S. 546, 84 S.Ct. 1733, 12 L.Ed.2d 1030, 1031. The severity of the act done has a relation to whether there has been a deprivation of due process under the Fourteenth Amendment. Courts have recognized with near unanimity that physical beatings and other violence may result in deprivation of due process of law. *Cf.*: United States v. Price (1966), 383 U.S. 787, 86 S.Ct. 1152, 16 L.Ed.2d 267; Williams v. United States (1951), 341 U.S. 97, 71 S.Ct. 576, 95 L. Ed. 774; Screws v. United States (1945), 325 U.S. 91, 65 S.Ct. 1031, 89 L.Ed. 1495. The plaintiff claims he was physically injured as a result of the action of Mr. Bennett. Proof will be re-quired to determine whether he was subjected to that requisite degree of harm needed to constitute that denial of rights "* * * implicit in the concept of ordered liberty. * * *" Rochin v. People of California (1952), 342 U.S. 165, 169, 72 S.Ct. 205, 96 L.Ed. 183, 188 [3].

■ Insofar as the defendants' motion relates to the alleged deprivation of rights of the plaintiff under the Fourth Amendment, it has merit. This Amendment relates only to unreasonable searches and seizures. Terry v. Ohio (1968), 392 U.S. 1, 19, 88 S.Ct. 1868, 20 L.Ed.2d 889, 905. To that extent, the motion hereby is granted. As it relates to the Eighth and Fourteenth Amendments, it hereby is denied. It is immaterial whether the defendants' conduct was illegal or legal under Tennessee law. McNeese v. Board of Education (1963), 373 U.S. 668, 674, 83 S.Ct. 1433, 10 L. Ed.2d 622, 627 [5].

With near unanimity also, courts have rejected complaints containing mere conclusionary allegations of deprivations of constitutional rights protected under 42 U.S.C. § 1985(3). Snowden v. Hughes (1944), 321 U.S. 1, 64 S.Ct. 397, 88 L.Ed. 497. The claim of the plaintiff is that the defendants conspired for the purpose of preventing or hindering the constituted authorities of the state, and especially of Franklin County, from giving and securing to him and others similarly situated in the racial class of which he is a member, the equal protection of the laws, by causing and permitting the defendant Bennett to have and perform duties in a public school of said state and county, when the said Bennett was of propensities likely to result in unequal and prejudicial treatment of the members of that class.

■ This appears to allege sufficiently the conspiracy and the overt act in furtherance thereof. The Court will determine the right of the plaintiff to equitable relief conjunctively with the trial of the action at law, taking whatever additional evidence may appear to be

necessary to a decision on the prayer for such. The Court is unaware that the plaintiff has a plain, adequate and complete remedy at law for such relief. *Cf.* Wright v. McMann, C.A. 2 (1967), 387 F. 2d 519, 523 [4], citing, *inter alia,* McNeese v. Board of Education, *supra.* Motions to dismiss, as a general rule, "should be granted sparingly and with caution only where it appears to a certainty that no set of facts could be proven at trial which would entitle a plaintiff to any relief. * * *" Dann v. Studebaker-Packard Corporation, C.A. 6th (1961), 288 F.2d 201, 215–216 [13].