Mildred **HARKLESS** et al., Plaintiffs-Appellants,

v.

The **SWEENY INDEPENDENT SCHOOL DISTRICT** et al., Defendants-Appellees.

No. 28188.

United States Court of Appeals,
Fifth Circuit.

June 2, 1970.

Jones, Circuit Judge, dissented and filed opinion.

Conrad K. Harper, Jack Greenberg, James M. Nabrit, III, William Bennett Turner, W. Haywood Burns, New York

City, Weldon H. Berry, Houston, Tex., for plaintiffs-appellants.

Grant Cook, Houston, Tex., for defendants-appellees.

Before JONES, BELL, and GODBOLD, Circuit Judges.

BELL, Circuit Judge:

This appeal involves an action brought by ten Negro teachers alleging that the failure of the school district to renew their teaching contracts when the school system was desegregated denied them rights secured by the Fourteenth Amendment. They seek reinstatement and back pay. Jurisdiction is premised on 28 U.S.C.A. § 1343(3) and 42 U.S.C.A. § 1983.[1]

The district court, after full jury trial, granted the defendants' motion to dismiss for failure to state a claim upon which relief could be granted. This was the result of applying Monroe v. Pape, 1961, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492, to hold that the defendants —the school district, and the school trustees and the superintendent in their official or representative capacities— could not be sued under § 1983. Being of a contrary view, we reverse.

After adopting a plan for complete school desegregation in the spring of 1966, the Sweeny Independent School District was able to reduce the number of its faculty for the school year 1966–67. In the process, 17 of the 25 Negro teachers in the system were not offered re-employment. This suit followed.

The complaint originally named each member of the board of trustees of the district and the superintendent in his individual as well as his representative capacity. Over objection, the district court granted the demand of defendants for jury trial as to the prayer for back pay and exercised its discretion under Rule 39(b), F.R.Civ.P., to also order a jury trial on all other factual issues.[2] Because of the unwillingness expressed at the voir dire examination by two veniremen to assess monetary damages against the defendants as individuals, plaintiffs dismissed the complaint as to the defendants in their individual capacities. Thus the suit proceeded against the trustees and the superintendent as defendants only in their representative capacities. The suit also proceeded against the school district.

During the trial and after the defendants in their individual capacities had been dismissed, the applicability of Monroe v. Pape, supra, to the question whether a cause of action was stated was drawn into issue. Put differently, would a suit lie against defendants as being "persons" within the meaning of 42 U.S.C.A. § 1983? The jurisdictional

---

1. 28 U.S.C.A. § 1343(3), provides:

"The district courts shall have original jurisdiction of any civil action authorized by law to be commenced by any person:

*　　*　　*　　*　　*

"(3) To redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States;"

42 U.S.C.A. § 1983, provides:

"Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United Staes or other person with the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."

2. Rule 39(b) provides:

"Issues not demanded for trial by jury as provided in Rule 38 shall be tried by the court; but, notwithstanding the failure of a party to demand a jury in an action in which such a demand might have been made of right, the court in its discretion upon motion may order a trial by a jury of any or all issues."

The memorandum opinion of the district court on the jury question is reported. Harkless v. Sweeny Independent School District, S.D.Tex., 1968, 278 F.Supp. 632.

statute, § 1343(3), supra, is to accommodate suits otherwise authorized by law, here under § 1983. Defendants moved to dismiss on this basis and the motion was carried with the case.

The case was submitted to the jury on special interrogatories. The jury returned a verdict finding that the decision not to rehire the plaintiffs was made without regard to their race, and that defendants acted in good faith, objectively comparing the qualifications of all teachers. However, the jury found that participation in this litigation was a factor in the decision not to offer re-employment to seven of the plaintiffs.

At this juncture, the district court granted the motion to dismiss. The court determined that plaintiffs had failed to state a cause of action under § 1983, relying on Monroe v. Pape, supra. See Harkless v. Sweeny Independent School District of Sweeny, Texas, S.D. Tex., 1969, 300 F.Supp. 794. This issue will be first considered. Because we conclude that it was erroneously decided, it will also be necessary, secondarily, to resolve the additional issue whether the court erred in granting a jury trial.

## I.

The nub of this controversy is the breadth of the holding in Monroe v. Pape. We must follow that holding to its outer limits. The jurisdictional basis for this suit is 28 U.S.C.A. § 1343(3). It provides federal jurisdiction of civil actions authorized by law. As stated, the source of authorization claimed by appellants is 42 U.S.C.A. § 1983.[3] The defendants contest this authorization on the basis of Monroe v. Pape.

■ Ordinarily, under our system of law, a decision of a higher court is binding as a precedent to the extent of the *ratio decidendi* of the case. As the

Supreme Court has said, advisory opinions are prohibited by Art. III of the Constitution. Stovall v. Denno, 1967, 388 U.S. 293, 301, 87 S.Ct. 1967, 18 L. Ed.2d 1199. Under such a limitation, the holding in Monroe v. Pape would be restricted by the facts of the case to proscribing a suit against a municipality under the doctrine of respondeat superior for damages. Here the school district, under Texas law, is of the nature of a municipality, Love v. City of Dallas, 120 Tex. 351, 40 S.W.2d 20, 26 (1931); Lewis v. Independent School District of City of Austin, 139 Tex. 83, 161 S.W.2d 450, 452 (1942), but the relief sought is equitable only—reinstatement and back pay. Smith v. Hampton Training School for Nurses, 4 Cir., 1966, 360 F.2d 577, 581, fn. 8.

■ Monroe v. Pape was an action to recover damages for the misconduct of police officers. The recovery was sought under § 1983 against the officers and also against their employer, the City of Chicago, under respondeat superior. The Supreme Court held that a cause of action could be maintained under § 1983 against the police officers but concluded that municipal corporations were not within the ambit of § 1983. Thus the *ratio decidendi* of the decision is that no cause of action lies against a municipality under § 1983 for damages under the doctrine of respondeat superior for conduct of its police officers.

In footnote 50 to the opinion, the court stated with reference to its holding that a municipality was not included in § 1983:

"This has been the view of the lower federal courts. Charlton v. City of Hialeah, 5 Cir., 188 F.2d 421, 423; Hewitt v. City of Jacksonville, 5 Cir., 188 F.2d 423, 424; Cobb v. City of Malden, 1 Cir., 202 F.2d 701, 703; Agnew v. City of Compton, 9 Cir., 239

3. The importance of this issue is to be seen in the fact, according to counsel for plaintiffs, that only three of plaintiffs can claim the jurisdictional amount which must be involved to rest jurisdiction on

the presence of a federal question and the jurisdictional amount under 28 U.S. C.A. § 1331. Unlike § 1343(3), federal question jurisdiction under § 1331 need not be otherwise authorized.

F.2d 226, 230; Cuiksa v. City of Mansfield, 6 Cir., 250 F.2d 700, 703–704. In a few cases in which equitable relief has been sought, a municipality has been named, along with city officials, as defendant where violations of 42 U.S.C. § 1983 were alleged. See, e. g., Douglas v. City of Jeannette, 319 U.S. 157, 63 S.Ct. [877] 882, 87 L.Ed. 1324; Holmes v. City of Atlanta, 350 U.S. 879, 76 S.Ct. 141, 100 L. Ed. 776. The question dealt with in our opinion was not raised in those cases, either by the parties or by the Court. Since we hold that a municipal corporation is not a 'person' within the meaning of § 1983, no inference to the contrary can any longer be drawn from those cases." [4]

The district court read footnote 50 as meaning that municipalities were not "persons" within the meaning of § 1983 for any purpose—in law or in equity and based its decision on Monroe v. Pape in this posture. No suit would lie against a municipality under § 1983 under any circumstances.

The position of the district court was two-fold: Monroe v. Pape prohibited a suit against the school district under § 1983; perceiving no legal distinction between the school district, and its trustees and superintendent acting in their representative capacities, it followed that no suit would lie against the trustees and superintendent. It is to be remembered that, at this point in the proceedings, plaintiffs had dismissed the trustees and the superintendent as individuals.

We do not read footnote 50 so broadly. We read it within the context of the holding of the court and the text to which it is appended. We think the court was saying in the footnote that the issue of damages against municipalities under respondeat superior was a question not raised in the equitable relief cases cited and that no inference may be drawn from those cases that a municipal corporation is a person within the meaning of § 1983 for the purposes of a damage claim against it under respondeat superior. We do not perceive that the court was expanding its holding by a footnote dictum to eliminate municipalities as "persons" under § 1983 for the purposes of equitable relief, a question not expressly considered in the cited equitable relief cases.

Moreover, there are other reasons which buttress our interpretation of footnote 50. For one, it is worth noting that the Supreme Court has not followed the district court interpretation of the footnote. It is true that the question has not been expressly considered but a ruling has been rendered against a school district in a § 1983 case with no mention being made of any such limitation as to equitable relief.

We have reference to the case of Tinker v. Des Moines Community School District, 1969, 393 U.S. 503, 89 S.Ct. 733, 21 L.Ed.2d 731. There injunctive relief was sought because of the expulsion of students. The school district was a defendant along with its directors and certain school officials. The injunctive relief was sought only against the directors and officials. Jurisdiction was based on 42 U.S.C.A. § 1983 and 28 U. S.C.A. § 1343(3). The court decided the case in favor of plaintiffs. There was no reference to the § 1983 question as it might apply to the school district.

In Tinker, the Supreme Court cited Ferrell v. Dallas Independent School District, 5 Cir., 1968, 392 F.2d 697, a suit seeking equitable relief against a Texas school district, the school superintendent and a school principal. The merits of the case were considered there just as was the case in Tinker and no question was presented as to the cause

4. In the cases cited in footnote 50, Douglas v. City of Jeannette, and Holmes v. City of Atlanta, the defendants were the municipalities and also city officials. No question as to city officials being included in the term "persons" in § 1983 was considered in Monroe v. Pape.

of action being barred under Monroe v. Pape.

In addition, the Seventh Circuit has twice held that Monroe v. Pape is not to be applied to prohibit suits against municipalities for equitable relief only. Adams v. City of Park Ridge, 7 Cir., 1961, 293 F.2d 585; Schnell v. City of Chicago, 7 Cir., 1969, 407 F.2d 1084. This court, in a dictum, has taken the same view. United States v. City of Jackson, 5 Cir., 1963, 318 F.2d 1, 10–11.

There are lower court decisions in equitable actions to the contrary. Deane Hill Country Club, Inc. v. City of Knoxville, 6 Cir., 1967, 379 F.2d 321; Patton v. Bennett, E.D.Tenn., 1969, 304 F.Supp. 297, 299.

There are several decisions applying Monroe v. Pape to bar suits against municipalities for damages in respondeat superior situations. See, e. g., in this circuit, Mayhue v. City of Plantation, Florida, 5 Cir., 1967, 375 F.2d 447; Blume v. City of Deland, 5 Cir., 1966, 358 F.2d 698. See also Harvey v. Sadler, 9 Cir., 1964, 331 F.2d 387.

While the question is not free from doubt, we are of the view that the school district here was included within the meaning of "person" in § 1983 for the equitable relief sought and that the district court erred in holding to the contrary.

## II.

■ Turning then to the officials, the trustees and the superintendent, it seems well settled that § 1983 authorizes a suit against them. Federal judicial power has long been invoked to compel state officials to discharge their constitutional duties. See Board of Commissioners of Knox County v. Aspinwall, 1861, 65 U.S. (24 How.) 376, 16 L.Ed. 735; Home Telephone & Telegraph Co. v. Los Angeles, 1913, 227 U.S. 278, 33 S.Ct. 312, 57 L.Ed. 510.

In numerous cases since Monroe v. Pape, the Supreme Court has permitted relief under § 1983 against state officials sued as such, without mention of that case. Griffin v. County School Board of Prince Edward County, 1964, 377 U.S. 218, 84 S.Ct. 1226, 12 L.Ed.2d 256 (county board of supervisors), and see other cases which are the progeny of Brown v. Board of Education, 1954, 347 U.S. 483, 74 S.Ct. 686, 98 L.Ed. 873, such as Alexander v. Holmes County Board of Education, 1969, 396 U.S. 19, 90 S.Ct. 29, 24 L.Ed.2d 19, and Carter v. West Feliciana Parish School Board, 1970, 396 U.S. 290, 90 S.Ct. 608, 24 L.Ed.2d 477. See also Rinaldi v. Yeager, 1966, 384 U.S. 305, 86 S.Ct. 1497, 16 L.Ed.2d 577 (state prison warden); Davis v. Mann, 1964, 377 U.S. 678, 84 S.Ct. 1441, 12 L.Ed.2d 609 (state election officials); WMCA v. Lomenzo, 1964, 377 U.S. 633, 84 S.Ct. 1418, 12 L.Ed.2d 568 (state election officials); Reynolds v. Sims, 1964, 377 U.S. 533, 84 S.Ct. 1362, 12 L.Ed.2d 506 (state election officials); Wesberry v. Sanders, 1964, 376 U.S. 1, 84 S.Ct. 526, 11 L.Ed.2d 481 (governor and secretary of state); Baker v. Carr, 1962, 369 U.S. 186, 82 S.Ct. 691, 7 L.Ed.2d 663 (state election officials).

We find no prohibition in Monroe v. Pape against the exercise of federal judicial power through § 1983 to redress constitutional wrongs through requiring appropriate official acts by officials sued in their representative capacities. We therefore conclude that § 1983 includes school district trustees and school superintendents, acting in their representative as well as their individual capacities, within the meaning of "person" as the term is used in § 1983 for the purposes of the equitable relief sought here. Thus, it follows that the district court erred in holding to the contrary.

## III.

■ The last question to be reached is the propriety of the grant of a jury trial. The district court determined that the back pay and the factual issues involved in the prayer for injunctive relief presented jury issues and, therefore, granted defendants' demand for jury trial. The law seems otherwise.

Section 1983 was designed to provide a comprehensive remedy for the deprivation of federal constitutional and statutory rights. The prayer for back pay is not a claim for damages, but is an integral part of the equitable remedy of injunctive reinstatement. Reinstatement involves a return of the plaintiffs to the positions they held before the alleged unconstitutional failure to renew their contracts. An inextricable part of the restoration to prior status is the payment of back wages properly owing to the plaintiffs, diminished by their earnings, if any, in the interim. Back pay is merely an element of the equitable remedy of reinstatement. See Smith v. Hampton Training School for Nurses, supra. See also NLRB v. Jones & Laughlin Steel Corp., 1937, 301 U.S. 1, 48, 57 S.Ct. 615, 81 L.Ed. 893; Agwilines, Inc. v. NLRB, 5 Cir., 1936, 87 F.2d 146, 151.

The district court concluded that NLRB v. Jones and Laughlin Steel Corp., supra, and Agwilines, Inc. v. NLRB, supra, were no longer viable in light of the more recent decisions of Beacon Theatres, Inc. v. Westover, 1959, 359 U.S. 500, 79 S.Ct. 948, 3 L.Ed.2d 988; Dairy Queen, Inc. v. Wood, 1962, 369 U.S. 469, 82 S.Ct. 894, 8 L.Ed.2d 44; and Thermo-Stitch, Inc., v. Chemical-Cord Processing Corp., 5 Cir., 1961, 294 F.2d 486, 489. None of these cases involved back pay. Each involved separate equitable and legal claims joined in the same case. The legal claims were for resolution by the jury. The back pay issue here was not a separate legal claim—rather it was a part of the main equitable claim—reinstatement. The same is true as to the underlying factual issues pertaining to the claims to reinstatement.

This circuit has rejected the view " * * * that the trio of Beacon Theatres, Dairy Queen, and Thermo-Stitch is a catalyst which suddenly converts *any* money request into a money claim triable by jury." Swofford v. B & W, Incorporated, 5 Cir., 1964, 336 F.2d 406, 414. In an action by the Secretary of Labor for an injunction to compel employers to pay employees minimum wages and overtime due them, this court, after discussing *Beacon Theatres, Dairy Queen,* and *Thermo-Stitch,* stated: "In the instant case, however, the purpose of the injunction to restrain the withholding of wages due is not to collect a debt owed by an employer to his employee but to correct a continuing offense against the public interest." Wirtz v. Jones, 5 Cir., 1965, 340 F.2d 901, 904. We then directed the district court to strike the defendants' demand for a jury trial. 340 F.2d at 905.

In a recent case involving a suit brought because of discrimination in employment, we determined that the employer was not entitled to a jury trial on the issue of back wages. Johnson v. Georgia Highway Express, Inc., 5 Cir., 1969, 417 F.2d 1122. See also Hayes v. Seaboard Coast Line Railroad Company, S.D.Ga., 1969, 46 F.R.D. 49, 52.

We conclude that these authorities teach that a claim for back pay presented in an equitable action for reinstatement authorized by § 1983 is not for jury consideration nor are the factual issues which form the basis of the claim for reinstatement. The Seventh Amendment does not so require. The plaintiffs' claim should have been determined by the court. The grant of jury trial was error.

Reversed and remanded for further proceedings not inconsistent herewith.

JONES, Circuit Judge, (dissenting).

I am in agreement with the district court in its holding that Monroe v. Pape, 1961, 365 U.S. 167, 81 S.Ct. 473, 5 L. Ed.2d 492, means what it says and that it requires dismissal of appellants' complaint for failure to state a claim upon which relief can be granted.