**Wilbur BERRY, Plaintiff,**
**Vivian Pugh, Plaintiff-Intervenor,**
**v.**
**MACON COUNTY BOARD OF EDUCATION et al., Defendants.**
**Civ. A. No. 875–E.**

United States District Court,
M. D. Alabama, E. D.
July 22, 1971.

Levin & Dees, Montgomery, Ala., for plaintiff.

Radney & Morris, Alexander City, Ala., for defendants.

## MEMORANDUM OPINION

McFADDEN, Chief Judge.

Plaintiffs, former employees of the Macon County, Alabama Board of Education, proceeding under 42 U.S.C.A. § 1983, charge that their employment was wrongfully terminated in violation of their constitutional rights under the Ninth and Fourteenth Amendments to the United States Constitution, and seek reinstatement to their former positions of employment and compensatory and punitive damages. Plaintiffs also seek a declaration of unconstitutionality of the defendants' employment policy which denies re-employment to any school board employee who sends his children to a private, white segregated school. P. K. Biswas, J. H. M. Henderson, Ellis Hall, Consuello Harper and Allen Adams comprise the Macon County Board of Education. Ulysses Byas is the Superintendent of the Macon County Board of Education.

The case was tried before the Court and a jury and at the close of the evidence the Court granted defendant Byas' motion for a directed verdict on the ground that he was merely an agent of the Board and simply carried out its orders.

The Court removed the issues of termination, reasonableness of the school board rule, and lost back pay from the jury over the objections of defendants and instructed the jury that the action of the Board members violated the plaintiffs' constitutional rights and that they were due to be reinstated. The Court submitted only the issue of punitive damages to the jury. The Court is of the opinion that the determination of plaintiffs' rights to continued employment, including back pay, is a question for the Court under its equity power. Harkless v. Sweeny Independent School District, 427 F.2d 319 (5th Cir. 1970), cert. den., 400 U.S. 991, 91 S.Ct. 451, 27 L.Ed.2d 439 (1971), held that the decision of a district court allowing those issues to go to the jury was error. There the circuit court stated at 324 that

[s]ection 1983 was designed to provide a comprehensive remedy for the deprivation of federal constitutional and statutory rights. The prayer for back pay is not a claim for damages, but is an integral part of the equitable remedy of injunctive reinstatement. Reinstatement involves a return of the plaintiffs to the positions they held before the alleged unconstitutional failure to renew their contracts. An inextricable part of the restoration to prior status is the payment of back wages properly owing to the plaintiffs, diminished by their earnings, if any, in the interim. Back pay is merely an element of the equitable remedy of reinstatement. [citations omitted.]

Here, the material facts are not in dispute. From January, 1965, until October, 1970, plaintiff Berry was employed by the Macon County Board of Education in a year-round capacity as foreman of school bus mechanics at a salary of $560.00 per month. Berry had been hired orally, and there was no discussion or understanding with respect to the duration of his employment.

Mrs. Pugh was employed by the school board as a bus driver during the 1969–70 school year, earning $150.00 per month. She had been given a written contract of employment for a one-year term sometime after the school year began. In the summer of 1970, she successfully completed a bus driver's course which was a condition for continued employment. On the day before school opened, she was told she would not be employed as a bus driver.

Defendants admitted plaintiffs were satisfactory employees and would have been continued in the employment of the school board except for intervening events. School board members engaged in an active campaign to keep white students in the public school system and prevent it from becoming all black. The Board required, as part of the campaign, all school board employees, as a condition of employment, to send their children to the public schools. Mr. Berry and Mrs. Pugh each withdrew a child from the public schools of Macon County and sent them to an all-white segregated private academy. When Mr. Berry and Mrs. Pugh refused to return their children to public schools, their employment was terminated. The Board members defend their action, however, on the grounds that it was a "reasonable exercise of discretion in order to insure participation in and support of the public school system by all employees of the Macon County Board of Education."

■ The Macon County Board of Education has no authority under state or federal law to compel school age children to attend public rather than private schools.

■ A public employee cannot be discontinued in his job solely because he exercised his constitutional right of free speech. Pred v. Board of Public Instruction of Dade County, Florida, 415 F.2d 851 (5th Cir. 1969). Nor are first amendment rights the only rights deserving of protection. In Bomar v. Keyes, 162 F.2d 136 (2nd Cir. 1947), a teacher who had been dismissed for taking time off to serve on a jury prevailed in a suit brought under 42 U.S.C.A. § 1983. The Court held that a claim for relief had been stated where re-employment was denied to the plaintiff due to exercise of her constitutionally-protected right to serve on a jury.

■ This Court concludes the action of Mr. Berry and Mrs. Pugh in sending their children to a private school, like the speech in Pred and the jury duty in Bomar, was conduct which the plaintiffs were entitled to engage in under the United States Constitution. That freedom is infringed upon when a school board attaches onerous conditions to employment. Pred, supra, Bomar, supra.

■ Defendants further contend this policy was not used to terminate existing employment but was rather a condition to employment where no employment status existed and that plaintiffs were not fired, but simply were not rehired. The Court is of the opinion that this distinction is not well-taken and that the Board's action amounted to a termination. School boards may not use the beginning of a new school year to engage in otherwise unconstitutional action. Such a view "dilute[s] the right [protected] from a constitutional to a contractual one." Pred v. Board of Public Instruction, supra, 415 F.2d at 857. Unconstitutional action by a school board against an employee cannot be legitimized by simply waiting until school year's end to dismiss the employee. Johnson v. Branch, 364 F.2d 177 (4th Cir. 1966), cert. den. 385 U.S. 1003, 87 S.Ct. 706, 17 L.Ed.2d 542 (1967); Harkless v. Sweeny Independent School District, supra.

■ Each defendant, except Byas, was a member of the Macon County Board of Education at the time plaintiffs' employment was terminated. The termination action therefore was under "color of law" and constituted "state action" within the meaning of 42 U.S.C.A. § 1983 and the fourteenth amendment.

■ The Court determines in accordance with its equity power as outlined in Harkless, supra, that Mr. Berry and Mrs. Pugh are due to be reinstated in their former positions of employment with the Macon County Board of Education. They are further entitled to all the benefits of their positions, including retirement credits and general raises in pay, if any, which the plaintiffs would have received had their employment not been terminated.

■ As to Mr. Berry, the Court finds that no award of back pay is warranted. The evidence shows that Mr. Berry secured alternative employment at a high-

er rate of pay than his school board position; thus, even taking into account two weeks of unemployment while job-hunting, Mr. Berry earned an amount in his alternative employment equal to that which he would have earned as shop foreman for the school board.

As to Mrs. Pugh, the evidence shows she would have earned $1,350.00 had her employment with the Board not been terminated. The evidence also shows Mrs. Pugh's hours of employment as a school bus driver were peculiarly suited to her domestic affairs, particularly her need to care for her new baby. However, no evidence was adduced to show Mrs. Pugh ever affirmatively attempted to mitigate her damages, and therefore the Court must conclude her claim for back pay fails for lack of proof.

Although Mr. Berry and Mrs. Pugh have failed to prove their claim for back pay, it is the opinion of the Court that they have proved an injury, for which the Court awards the sum of one dollar ($1.00) in nominal damages. Proof of a wrong done in violation of 42 U.S.C.A. § 1983 is taken as sufficient proof of nominal damages.