447 F.2d 128
 3 Fair Empl.Prac.Cas. 857, 3 Empl. Prac. Dec. P 8322
R. L. RAMSEY, Plaintiff-Appellant,
v.
L. P. HOPKINS, et al., Defendants-Appellees.
No. 71-1290 Summary Calendar.*
*Rule 18, 5 Cir.; see Isbell Enterprises, Inc
v.
Citizens Casualty Co. of New York, et al., 5 Cir., 1970, 431
F.2d 409, Part I.
 United States Court of Appeals, Fifth Circuit.
 Aug. 31, 1971.
 
 U. W. Clemon, Adams, Baker, & Clemon, North Birmingham, Ala., for plaintiff-appellant.
 Gene H. Lentz, Decatur, Ala., for defendants-appellees.
 Before BELL, AINSWORTH and GODBOLD, Circuit Judges.
 PER CURIAM:
 
 
 1
 In this case, which involves the termination of the employment of a public employee in violation of 42 U.S.C. 1983, the District Judge ordered the employee reinstated, but failed to order payment of back wages properly owing to him, 320 F.Supp. 477. In our view, reinstatement of the employee was correct, but failure to award back pay was error. See Harkless v. Sweeny Independent School District, 5 Cir., 1970, 427 F.2d 319, 324, cert. denied, 400 U.S. 991, 91 S.Ct. 451, 27 L.Ed.2d 439; Smith v. Board of Education of Morrilton Sch. Dist. No. 32, 8 Cir., 1966, 365 F.2d 770, 784 (Blackmun, J.); Smith v. Hampton Training School for Nurses, 4 Cir., 1966, 360 F.2d 577, 581. The cause is remanded to the District Court for assessment of the back wages owing to the appellant, diminished by his earnings, if any, during the period of his dismissal, and the modification of the judgment accordingly.
 
 
 2
 Remanded.