James E. LEATHERS, Plaintiff,

v.

**MARTIN COUNTY BOARD OF EDU-
CATION et al., Defendants.**

Civ. No. 813.

United States District Court,
E. D. North Carolina,
Washington Division.

April 19, 1974.

————————

James E. Lanning of Chambers, Stein, Ferguson & Lanning, Charlotte, N. C., for plaintiff.

Elbert S. Peel of Peel & Peel, Williamston, N. C., for defendants.

## MEMORANDUM OPINION and ORDER

LARKINS, District Judge:

This cause is before this Court on plaintiff's motion to strike defendants' request for a jury trial in this action. Neither plaintiff nor defendants have furnished this Court with any legal support for the positions taken on this issue. Plaintiff brings this action under the Constitution and laws of the United States to redress alleged discrimination by the defendants. Plaintiff is a former black principal, who claims that he was demoted from his position because of race. Plaintiff seeks injunctive relief against the continuation of such policies of discrimination against plaintiff and other black educators. In addition, plaintiff seeks money damages for back pay, the cost of this action, and reasonable counsel fees.

In Dairy Queen, Inc. v. Wood, 369 U. S. 469, 82 S.Ct. 894, 8 L.Ed.2d 44 (1962), the United States Supreme Court set forth the requirement that in federal courts a jury trial can not be denied just because a legal issue is characterized as "incidental" to an equitable issue:

> "At the outset, we may dispose of one of the grounds upon which the trial court acted in striking the demand for trial by jury—that based upon the view that the right to trial by jury may be lost as to legal issues where those issues are characterized as 'incidental' to equitable issues— for our previous decisions make it plain that no such rule may be applied in the federal courts." 369 U.S. at 470, 82 S.Ct. at 896.

*Dairy Queen* involved demands for an injunction and a money judgment in connection with a trademark infringement suit. The Court held that the "claim for a money judgment is a claim wholly legal in its nature however the complaint is construed." 369 U.S. at 477, 82 S.Ct. at 899.

"The respondents' contention that this money claim is 'purely equitable' is based primarily upon the fact that their complaint is cast in terms of an 'accounting,' rather than in terms of an action for 'debt' or 'damages.' But the constitutional right to trial by jury cannot be made to depend upon the choice of words used in the pleadings. The necessary prequisite to the right to maintain a suit for an equitable accounting, like all other equitable remedies, is, as we pointed out in Beacon Theatres, the absence of an adequate remedy at law."

Professor Dobbs of the University of North Carolina Law School has closely analyzed the *Dairy Queen* case in his recent book on "Remedies," Dobbs, Handbook on the Law of Remedies, page 77 (1973):

> "*Dairy Queen* also makes clear two other points: First, the whole case need not be treated alike, and it is no longer possible to conclude that, though there are legal issues in the case, that the case is 'essentially' equitable. If there are legal issues, they must be tried as such; if they are issues on controlling points, they must be tried first, or at any rate taken to control the entire result on those points. Second, these rules apply, not only when a defendant injects a 'legal' issue, but in any case where legal remedies will adequately resolve the case, even if the plaintiff mentions none by name."

Although this Court could adhere to the plain language of the United States Supreme Court and although there can be little doubt that the plaintiff in this case is asking for a remedy which could be adequately attained by an action at law for damages, this Court is aware of an exception to the *Dairy Queen* holding which has been established by various Circuit Courts. In Harkless v. Sweeny Independent School District, 427 F.2d 319 (5th Cir. 1970), cert. denied 400 U. S. 999, 91 S.Ct. 451, 27 L.Ed.2d 439,

plaintiffs were black school teachers suing their local school district for civil rights violations involved in the non-renewal of their teaching contracts. The *Harkless* Court totally disregarded the *Dairy Queen* case, carving out an exception which clearly would facilitate plaintiffs' action. According to the *Harkless* Court, plaintiffs' claims for back pay were only a "part of the main equitable claim—reinstatement." Harkless v. Sweeny Independent School District, *supra,* page 324. That Court "rejected the view ' . . . that the trio of Beacon Theatres [Beacon Theatres v. Westover, 359 U.S. 500, 79 S.Ct. 948, 3 L.Ed.2d 988], Dairy Queen, and Thermo-Stitch [Thermo-Stitch v. Chemi-Cord Processing Corp., 5 Cir., 1961, 294 F.2d 486] is a catalyst which suddenly converts any money request into a money claim triable by jury.' " Harkless v. Sweeny Independent School District, *supra,* page 324, citing Swofford v. B & W, Incorporated, 5 Cir., 1964, 336 F.2d 406, 414. This language was used by the Court without an explanation of why *Dairy Queen* is not such a catalyst, especially since it says it is. Professor Dobbs cites *Harkless* as being "downright antagonistic" to the *Beacon-Dairy Queen* rules. Dobbs, *supra,* page 78. In a footnote to the case, Professor Dobbs discusses the inexplicable finding in *Harkless* that the money payment was a part of the injunctive relief:

> "Plaintiff school teachers demanded reinstatement and money reparation for pay lost while they were wrongfully removed from duty. The defendant school board demanded a jury trial, which was granted. On appeal this was held error on the ground that the plaintiffs' claim was 'really' equitable, being a claim for injunction plus restoration to their original status by way of a money payment. The money payment was 'really' an 'inextricable part of the restoration,' which was deemed equitable. It is quite possible that a similar decision might have

been reached earlier on the basis of the equitable clean-up doctrine, see Sec. 2.7, below, but in no other sense does the money claim seem 'equitable'. It is precisely the claim available as damages to any wrongfully discharged employee. See § 12.25 below." Dobbs, *supra,* page 69.

In McFerren v. County Board of Education of Fayette Co., Tenn., 455 F.2d 199 (1972), the Sixth Circuit followed the *Harkless* Court and found, in a case in which black school teachers were suing for reinstatement and back pay on the basis of racial discrimination, that *Dairy Queen* was inapplicable. *McFerren* is just as inexplicable as *Harkless,* mainly because its reasons for so finding are the same reasons as those set forth in *Harkless*. *McFerren* cites Smith v. Hampton Training School for Nurses, 360 F.2d 577 (4th Cir. 1966) as authority for the determination that in racial discharge cases, *Dairy Queen* is disregarded. McFerren v. County Board of Education of Fayette Co., Tenn., *supra,* 455 F.2d page 202. Smith v. Hampton Training School for Nurses, *supra,* was a Fourth Circuit case which briefly distinguished the *Dairy Queen* issue in a footnote, in which *Dairy Queen* was not mentioned. Even though the separate remedy of back pay could be asked for in a damages action in a court of law, the Fourth Circuit found that "(the) claim is not one for damages; it is an integral part of the equitable remedy of reinstatement, and should be determined by the court." Smith v. Hampton Training School for Nurses, *supra,* 360 F.2d page 581.

The Seventh Circuit has logically confronted *Dairy Queen* in a housing discrimination case. Rogers v. Loether, 467 F.2d 1110, 1121 (7th Cir. 1972). Referring specifically to Harkless v. Sweeny Independent School District, *supra,* among several other cases, the *Rogers* Court said:

"First, insofar as the cases hold that back pay is a legal remedy which may be recovered as incidental to equitable relief, we believe they cannot stand in the face of *Beacon* and *Dairy Queen*."

The *Rogers* Court proceeds by saying that if an award of back pay is considered restitution at equity, then the non-jury proceeding can be justified, and that the award of back pay in such cases might be considered restitutionary, in that the plaintiff would be getting the defendant's gains. This theory could hardly hold up in most wrongful discharge cases, however, because usually the school board (or whoever the defendant is) would hire another teacher in the place of the wrongfully discharged teacher and would therefore have no gain or unjust enrichment. This would be true in the instant case, because the defendants in this case are paying the principal's salary to someone, even if not the plaintiff. Furthermore, it is difficult to see how back pay could be characterized as an equitable remedy. Surely, it could be asked for as damages in an action in a court of law.

Nevertheless, this Court will not interfere with the position taken by the Fifth Circuit, the Sixth Circuit, and particularly, the Fourth Circuit in regard to the requirement of a jury trial in racial discharge (or racial demotion) case. It is enough to say that obvious policy considerations in these type cases call for trial by the Court. A jury trial would unreasonably increase the time and expenses incident to such a suit.

Also before this Court is plaintiff's motion to amend Paragraph II of his complaint. Insofar as the adverse parties have consented to plaintiff's amendment and insofar as plaintiff is otherwise entitled to amend, this Court hereby grants plaintiff's motion.

Now therefore, in accordance with the foregoing, it is

Ordered, that plaintiff's motion to strike demand for jury trial be, and the same is, hereby allowed, and

Further ordered that plaintiff's motion to amend complaint be, and the same is, hereby allowed.

Let this order be entered forthwith.