Sadie E. DEVORE, Plaintiff,

v.

**EDGEFIELD COUNTY SCHOOL DIS-
TRICT et al., Defendants.**

**Ben CLARK, Plaintiff,**

v.

**EDGEFIELD COUNTY BOARD OF
TRUSTEES et al., Defendants.**

**Civ. A. Nos. 75–226, 75–374.**

United States District Court,
D. South Carolina,
Greenwood Division.

June 30, 1975.

T. Travis Medlock, Columbia, S. C., for Sadie E. Devore.

W. Ray Berry, of Fulmer, Berry & Alford, Columbia, S. C., for Edgefield County School Dist.

Craig K. Davis, Columbia, S. C., for Ben Clark.

ORDER

## ON MOTION FOR LEAVE TO FILE AMENDED PLEADING, ON MOTION TO CONSOLIDATE FOR CONSIDERATION OF PRETRIAL MOTIONS, ON MOTION TO DISMISS, AND ON DEMAND FOR JURY TRIAL

HEMPHILL, District Judge.

Both actions,[1] consolidated for consideration of pretrial proceedings,[2] are said to arise under 42 U.S.C. § 1983 and the Fourteenth Amendment to the Constitution of the United States. Civil Action No. 75–374 alleges that additional actions arise under 42 U.S.C. § 1985, Title VI of the Civil Rights Act of 1964, Art. 1, § 5 of the Constitution of the State of South Carolina, and the common law of South Carolina. Civil Action No. 75–226 alleges that additional actions arise under 42 U.S.C. § 1981 and the Thirteenth Amendment to the Constitution of the United States. Both state several jurisdictional grounds; for purposes of this order, the court needs merely to note that both actions invoke general federal question jurisdiction.

 There are two requisites to proper invocation of general federal question jurisdiction under 28 U.S.C. § 1331: first, the case must "arise under" the Constitution or laws of the United States and, second, the "amount in controversy" must exceed ten thousand dollars. To "arise under" the Constitution or laws of the United States, "the federal law must be a direct element in the plaintiff's claim . . . ." 13 *Wright, Miller & Cooper, Federal Practice and Procedure* § 3562 (1975). Here plaintiffs allege racial discrimination which denies them rights secured by the Constitution and by various Civil Rights Acts; federal law is unquestionably a direct element in plaintiffs' claims. To satisfy the ten thousand dollar "amount

---

1. On May 12, 1975, plaintiff moved for leave to file an amended complaint in Civil Action No. 75–226. The motion was unopposed. Pursuant to *Fed.R.Civ.P.* 15, the motion is granted.

2. On the same date, plaintiff moved to consolidate these matters for consideration of pretrial proceedings. The motion was unopposed. Since convenience and judicial economy will be served, consolidation for pretrial matters is ordered pursuant to *Fed.R.Civ.P.* 42(a). The motion is granted.

in controversy" requirement, plaintiff must allege that amount. Once alleged, the court cannot dismiss a complaint merely because it is of the opinion that plaintiff will not be able to recover the amount in controversy; it is "only when it appears to a legal certainty" that plaintiff cannot recover an amount in excess of ten thousand dollars that dismissal is proper. Johns-Manville Sales Corp. v. Mitchell Enterprises, Inc., 417 F.2d 129, 131 (5th Cir. 1969). The requisite jurisdictional amount was properly alleged in both these cases. The court can find no "legal certainty" that these plaintiffs will not be able to recover an amount in excess of ten thousand dollars.

■■ The fact that the instant actions are directed against a school district and its officials is no bar to jurisdiction under 28 U.S.C. § 1331. *See* Sterling v. Constantin, 287 U.S. 378, 53 S.Ct. 190, 77 L.Ed. 375 (1932). *See also City of Kenosha v. Bruno,* 412 U.S. 507, 93 S.Ct. 2222, 37 L.Ed.2d 109 (1973), where the Court remanded an action against a municipality for determination of whether there was a sufficient "amount in controversy" to provide jurisdiction under 28 U.S.C. § 1331. For these reasons, it is the judgment of this court that § 1331 confers subject matter jurisdiction over both the damage and equitable claims herein; it is therefore unnecessary for the court to consider the other alleged bases of jurisdiction.

Defendants' motion to dismiss for lack of jurisdiction is denied.

■ Defendants made a timely demand for a jury trial, *Fed.R.Civ.P.* 38(b), on that portion of plaintiffs' causes of action seeking recovery of "salary and other benefits from the date of non-renewal . . . less earnings." With respect to when a jury trial can be granted or denied, a civil rights suit is no different than any other civil action. Harkless v. Sweeny Independent Sch. Dist., 278 F.Supp. 632 (S.D.Tex.1968), *rev'd on other grounds* 427 F.2d 319

(5th Cir. 1970), *cert. denied* 400 U.S. 991, 91 S.Ct. 451, 27 L.Ed.2d 439 (1971). This is merely a reflection of *Fed.R.Civ.P.* 38(a) which states:

Right Preserved. The right of trial by jury as declared by the Seventh Amendment to the Constitution or as given by a statute of the United States shall be preserved to the parties inviolate.

■ Plaintiffs contend that all relief sought is equitable in nature; if so, defendants are not entitled to a jury trial. Plaintiffs rely on *Wright, Federal Courts* § 92 (2d ed. 1970) where it is said that:

In general, there is no right to a trial by jury of claims that historically were "equitable", such as actions for injunction, specific performance and the like. There is a right to trial by jury in actions that historically would have been considered "legal" of which actions for money damages for tort or breach of contract are the most familiar examples.

*Id.* at 405. In a more comprehensive work, however, Professors Wright and Miller emphasize that:

The basic unit in determining the existence of a right to jury trial is not the case. It is the particular issue within a case on which jury trial is demanded. "The Seventh Amendment question depends on the nature of the issue to be tried rather than the character of the overall action." [Ross v. Bernhard, 396 U.S. 531, 538 [90 S.Ct. 733, 24 L.Ed.2d 729] (1970)]. This point was recognized when the rules were drafted. Rule 38(b) refers to "any issue triable of right by a jury" and there are many other references in Rules 38 and 39 to the "issues."

. . . .

. . . . . .

In a series of cases decided since 1959, the Supreme Court has clarified a number of issues concerning the

right to jury trial. These decisions recognize that there is a strong federal policy favoring trial by jury of issues of fact.

9 *Wright & Miller, supra,* at § 2302.

Plaintiffs rely extensively on the decisions in *Harkless v. Sweeny Independent Sch. Dist.,* 427 F.2d 319, 323–24 (5th Cir. 1970), *cert. denied* 400 U.S. 991, 91 S.Ct. 451, 27 L.Ed.2d 439 (1971) and *Smith v. Hampton Training Sch. for Nurses,* 360 F.2d 577, 581 (4th Cir. 1966) for the proposition that, since back pay is an integral part of the equitable remedy of reinstatement, a trial by jury is not allowed in this action. Professors Wright and Miller note that certain statutes, such as Title VII of the Civil Rights Act of 1964, are properly read as providing that the court may order a money judgment concurrent with the granting of injunctive relief. However, they believe that such statutes go to the limits of the Seventh Amendment. "It seems to go *beyond this limit*" as was done in *Harkless* and *Smith,* to hold "that back pay . . . may be required without a jury in an action by private persons for an injunction when the statute is silent on jury trial." 9 *Wright & Miller, supra,* at § 2308 (emphasis added).

The recent Supreme Court case of *Curtis v. Loether,* 415 U.S. 189, 94 S.Ct. 1005, 39 L.Ed.2d 260 (1974) sheds light on the problem currently confronting this court. Pursuant to § 812 of the Civil Rights Act of 1968, which authorizes private plaintiffs to bring civil actions for injunctive relief and damages, the plaintiff in *Curtis* brought an action seeking both remedies for the defendants' alleged refusal to rent an apartment to plaintiff because of her race. Defendants made a timely demand for a jury trial, which was refused by the District Court. The Court of Appeals for the Seventh Circuit reversed, holding that defendants were entitled to a jury trial. The Supreme Court affirmed, unanimously holding that since a

damage suit under § 812 was an action to enforce legal rights, the Seventh Amendment entitled either party to demand a jury trial in the federal courts. Speaking for the Court, Justice Marshall emphasized that:

> [T]he Seventh Amendment does apply to actions enforcing statutory rights, and requires a jury trial up on demand, if the statute creates legal rights and remedies, enforceable in an action for damages in the ordinary courts of law.

*Id.* at 194, 94 S.Ct. at 1008.

The Court then distinguished *N. L. R. B. v. Jones & Laughlin Steel Corp.,* 301 U.S. 1, 57 S.Ct. 615, 81 L.Ed. 893 (1937), relied on by petitioner in *Curtis* (also relied on in the *Harkless* and *Smith* cases, *supra*), as standing "for the proposition that the Seventh Amendment is generally inapplicable in administrative proceedings, where jury trials would be incompatible with the whole concept of administrative adjudication . . . ." *Curtis, supra,* at 194, 94 S. Ct. at 1008. Justice Marshall reemphasized that trial by jury "must be available if the action involves rights and remedies of the sort typically enforced in an action at law." *Id.* at 195, 94 S. Ct. at 1009. "An action to redress racial discrimination," he continued,

> may also be likened to an action for defamation or intentional infliction of mental distress. Indeed, the contours of the latter tort are still developing, and it has been suggested that "under the logic of the common law development of a law of insult and indignity, racial discrimination might be treated as a dignitary tort."

*Id.* at n. 10. Finally, Justice Marshall, relying on *Beacon Theatres, Inc. v. Westover,* 359 U.S. 500, 79 S.Ct. 948, 3 L. Ed.2d 988 (1959) and *Dairy Queen, Inc. v. Wood,* 369 U.S. 469, 82 S.Ct. 894, 8 L.Ed.2d 44 (1962), emphasized that the right to trial by jury is not dependent upon, and cannot be abridged by, "char-

acterizing the legal claim as 'incidental' to the equitable relief sought." *Id.* at n. 11.

In Civil Action No. 75–374, plaintiff has alleged that a cause of action exists under 42 U.S.C. § 1985, which merely provides that the injured party "may have an action for the recovery of damages . . . ." An action for damages is a legal action. The statute creates legal rights and legal remedies. Under *Curtis,* those rights and remedies require a jury trial on demand. In addition, plaintiff alleges that a cause of action exists under the common law of South Carolina. The action, in the nature of a tort, "involves rights and remedies of the sort typically enforced in an action at law," *Curtis*; under the Seventh Amendment, the right of trial by jury in such actions is preserved inviolate.

In Civil Action No. 75–226, plaintiff has alleged that a cause of action exists under 42 U.S.C. § 1981, which serves as a predicate for a suit for damages and/or for injunctive relief. Mizell v. North Broward Hosp. Dist., 427 F.2d 468 (5th Cir. 1970). 42 U.S.C. § 1983 provides, by its own terms, for "an action at law, suit in equity, or other proper proceeding for redress." Merely because the legal claim is "incidental" or "secondary" to the equitable relief sought is not sufficient to abridge the right to trial by jury. Back pay, "incidental" to the major relief requested, is nothing other than a method available to assist in measuring damages. Determination of such matters must in this instance be by jury.

The motion for leave to file an amended pleading is granted.

The motion for pretrial consolidation is granted.

The motion to dismiss for lack of jurisdiction is denied.

The demand for jury trial of the legal issues is granted.

And it is so ordered.