Francisca Rexach **RIVERA**, et al., Plaintiffs,

v.

**Ovidio Figueroa RIOS, etc., Defendants.**

**Civ. No. 85–1303 HL.**

United States District Court, D. Puerto Rico.

Jan. 21, 1987.

---

Aldarondo & Lopez Bras Law Firm, Eliezer Aldarondo Ortiz, Miguel Pagán, Hato Rey, Puerto Rico, for plaintiffs.

Luis Muñoz Rivera, Hato Rey, Puerto Rico, Edda Serrano Blasini, Fed. Litigation Div., Dept. of Justice, San Juan, Puerto Rico, for codefendants O. Figueroa Rios, The Municipal Govt. of Luquillo and A. Delia Iglesias.

## ORDER

LAFFITTE, District Judge.

Defendants, the Mayor and the Municipality of Luquillo, seek a stay of this Court's order affording equitable relief to ten prevailing plaintiffs in the nature of reinstatement and back pay. The injunctive relief obtained by said plaintiffs was the result of a nine-day jury trial on a Section 1983 claim for damages, reinstatement and back pay for violations of procedural due process and First Amendment rights. As to plaintiffs

| | |
|---|---|
| Juana Fuentes Calderon | (Cook) |
| Josefina Morales | (Assistant Nurse) |
| Lydia Romero | (Assistant Cook) |

Aida L. Carrasquillo   (Director, Geriatric Center)
Betty Montijo Pérez   (Secretary)
Carmen I. Ortiz   (Janitor)
Camelia Rosado   (Activities Coordinator, Geriatric Center)
Luz Calderón Tirado   (Cook)

who were employed as contract and transitory employees, the jury explicitly found that the motivating reason for not renewing their contracts or appointments was their political affiliation.

As to the following career employees,

Toribio Martínez   (Mechanic)
Saúl Rodríguez 1   (Laborer)

the jury found that they were not given notice and a hearing prior to their respective discharge and suspension from employment, in violation of their procedural due process rights.

Defendants base the request for a stay on the grounds that *all* [2] plaintiffs affected by the Court's order worked under contract of employment or transitory status, with fixed terms of employment; that none were dismissed prior to the termination of their employment contracts or appointments. Therefore, defendants argue, they had no property interest or expectancy that could create a basis for reinstatement. Hence, reinstatement, the argument runs, is improper because defendants have a likelihood of success on the merits on appeal.

■ Defendants' claim is devoid of merit and must fail under the aegis of *Cheveras Pacheco v. Rivera Gonzalez,* 809 F.2d 125 (1st Cir.1987). There the First Circuit ruled, contrary to defendants' contention, that "transitory" employees are entitled to First Amendment protection when their contracts or appointments are not renewed for partisan political motivation—even if the transitory employee lacks a property interest in continued employment. Consequently, defendants have not only failed to show likelihood of success on appeal, but it appears that this issue has been decided against them.

Defendants further claim that plaintiffs' reinstatement would cause administrative chaos in the municipality of Luquillo, because to comply with the injunctive relief the Mayor would have to dismiss other employees to accommodate plaintiffs. We are told that this action would create discontent and disarray. The evidence, however, was overwhelming, almost uncontradicted, that there were funds and work available when defendants terminated plaintiffs' employment by refusing to renew their contracts of employment. The jury found that plaintiffs were fired because they were members of the party opposed to the Mayor's party. These were the dispositive issues at trial.

■ The order of this Court, filed on December 31, 1986, granting injunctive relief shall not be stayed pending appeal when success on the appeal is highly improbable.[3] Defendants' concerns about adverse administrative and economic impact is of their own making. Affirmative judicial action is required to fully vindicate plain constitutional rights of public employees occupying low ranking jobs who have been deprived of their modest salaries in violation of First Amendment guarantees, secured under the United States Constitution. Equitable relief is a component of a Section 1983 action. As to the propriety of

---

1. Because Saúl Rodríguez was not discharged but rather suspended from March 21 through July 2, 1985, the reinstatement order as far as this plaintiff is concerned is hereby vacated. However, the back pay provision thereof for the period of his suspension shall remain in effect.

2. Because there are two career employee plaintiffs, the Court takes it that defendants' motion to stay is not addressed to them. Besides, their claims were successful on procedural due process grounds.

3. The only main avenue for appeal concerning the Court's prior ruling denying the qualified immunity defense was rendered moot when the jury ruled for the defendants on the "trust"-employees plaintiffs' claims. As to the only prevailing "trust" employee, Rafael Pérez Cruz, Civil Defense Director, though the jury found that his position was one where political affiliation was not a requirement, it awarded him nothing. This Court refused to order him reinstated. Thus, for all practical purpose his complaint is dismissed, and it is now ordered dismissed. *See Rodriguez v. Muñoz,* 808 F.2d 138 (1st Cir.1986).

reinstatement and back pay the following language is apropos:

Section 1983 was designed to provide a comprehensive remedy for the deprivation of federal constitutional and statutory rights. The prayer for back pay is not a claim for damages, but is an integral part of the equitable remedy of injunctive reinstatement. Reinstatement involves a return of the plaintiffs to the positions they held before the alleged unconstitutional failure to renew their contracts. An inextricable part of the restoration to prior status is the payment of back wages properly owing to the plaintiffs, diminished by their earnings, if any, in the interim. Back pay is merely an element of the equitable remedy of reinstatement. (Citations omitted.)

*Harkless v. Sweeney Independent School District,* 427 F.2d 319 (5th Cir.1970) at 324. *See also, Wolley v. Maynard,* 430 U.S. 705, 97 S.Ct. 1428, 51 L.Ed.2d 752 (1977).

■ One last argument made by defendants must be addressed. Defendants contend that in the balance of equities plaintiffs should not be reinstated because they are not needed. Not a scintilla of evidence was presented at trial concerning this postjudgment argument. Having had the opportunity to present this evidence, and having failed to do so, defendants may not do it now for the first time. Besides, the evidence was uncontradicted that plaintiffs' replacements were hired to their former jobs, and that funds and work were available. Contrary to defendants' allegations, a stay would continue to maintain the unlawful status quo that has resulted from defendants' unconstitutional violations.

Plaintiffs, who are humble persons, showed at trial their despair, anguish, and the heavy economic burdens that defendants' actions have had on their means of livelihood. For uneducated, elderly persons, as are some of the plaintiffs, on an Island where the economy is weak and unemployment is frightening, holding on to a job is a means of survival. In good conscience, prolonging their ordeal as discriminatees would be intolerable and insen-

sitive. In *Loudermill v. Cleveland Board of Education,* 470 U.S. 532, 105 S.Ct. 1487, 84 L.Ed.2d 494, the Supreme Court said: "We have frequently recognized the severity of depriving a person of the means of livelihood." Because the obvious needs no elaboration, defendants' motion for stay pending appeal is hereby DENIED.

WHEREFORE, defendants' motion for stay of injunctive relief pending appeal is hereby DENIED.

IT IS SO ORDERED.