**Ewell Richard REED, Plaintiff–Appellant,**

v.

**Bob BULLOCK, Comptroller of Public Accounts, in his Official Capacity and the State of Texas, Defendants–Appellees.**

No. 88–7010

Summary Calendar.

United States Court of Appeals, Fifth Circuit.

May 11, 1989.

Edward B. Cloutman, III, Mullinax, Wells, Baab & Cloutman, Dallas, Tex., for plaintiff-appellant.

Donald E. Branson, Asst. Atty. Gen., Jim Mattox, Atty. Gen., Austin, Tex., for defendants-appellees.

Before CLARK, Chief Judge, JOHNSON and JOLLY, Circuit Judges.

PER CURIAM:

Ewell Richard Reed appeals from the district court's dismissal of this action for lack of subject matter jurisdiction. We affirm.

Reed brought this action pursuant to 42 U.S.C. §§ 1983 and 1988 and the fourteenth amendment claiming that he was wrongfully terminated from his position as a regional director with the Comptroller of Public Accounts. Reed named as defendants the State of Texas and Comptroller Bob Bullock in his official capacity. Reed's complaint sought purely monetary damages, including back pay and attorneys fees. The district court granted defendants' unopposed motion to dismiss for lack of subject matter jurisdiction.

The eleventh amendment bars actions seeking retroactive monetary relief from states and state officials acting in their official capacity. *Edelman v. Jordan,* 415 U.S. 651, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974). Reed argues that his claim for

back pay is equitable in nature and is excepted from the eleventh amendment bar, citing *Whiting v. Jackson State University*, 616 F.2d 116 (5th Cir.1980) and *Harkless v. Sweeny Independent School District*, 427 F.2d 319 (5th Cir.1970), *cert. denied*, 400 U.S. 991, 91 S.Ct. 451, 27 L.Ed.2d 439 (1971). However, neither *Whiting* nor *Harkless* addressed the eleventh amendment. As we have previously stated, "a backpay award against a state, whether viewed as damages for illegally terminated employment or as an aspect of equitable relief is retroactive in nature and is therefore barred by the eleventh amendment." *United Carolina Bank v. Board of Regents of Stephen F. Austin State University*, 665 F.2d 553, 561 (5th Cir.Unit A 1982).

Reed also argues that his claim for attorneys' fees is equitable in nature and is excepted from the eleventh amendment bar, citing *Hutto v. Finney*, 437 U.S. 678, 98 S.Ct. 2565, 57 L.Ed.2d 522 (1978). *Hutto* held that attorneys' fees incurred in seeking to enforce a court order for prospective injunctive relief were recoverable as ancillary to the prospective order. Here, however, no prospective relief is sought. Reed's request for attorneys' fees is simply part of his claim for retroactive monetary relief which is foreclosed by *Edelman*.

Reed also asserts that the district court should have allowed him an opportunity to amend his complaint, citing *Brandon v. Holt*, 469 U.S. 464, 105 S.Ct. 873, 83 L.Ed.2d 878 (1985). However, *Brandon* involved an application of Fed.R.Civ.P. 15(b), which allows amendments of pleadings to conform to evidence presented and to raise issues tried by implied consent. Fed.R.Civ.P. 15(b) is inapplicable in this case. Furthermore, Reed never requested the district court to allow him to amend his complaint. Indeed, he failed to respond to the defendants' motion to dismiss. The district court committed no error. The judgment is

AFFIRMED.