Francisco CHEVERAS PACHECO, et al., Plaintiffs, Appellees,

v.

Juan M. RIVERA GONZALEZ, et al., Defendants, Appellants.

No. 86–1428.

United States Court of Appeals, First Circuit.

Submitted Oct. 10, 1986.

Decided Jan. 13, 1987.

Pedro Juan Perez Nieves, Hector Rivera-Cruz, Secretary of Justice, Com. of Puerto Rico, Rafael Ortiz-Carrion, Sol. Gen., Com. of Puerto Rico, San Juan, P.R., and Saldana, Rey, Moran & Alvarado, (Santurce, P.R., on brief, for defendants, appellants.

Before COFFIN, BOWNES and BREYER, Circuit Judges.

COFFIN, Circuit Judge.

Plaintiff, contending he had been discharged from government employment, brought the present section 1983 action seeking damages and reinstatement. Essentially, he claims 1) that the discharge was done without prior notice or hearing in violation of his right to procedural due process and 2) that he was discharged because of his affiliation with the political party defeated in Puerto Rico's 1984 elections in violation of his first amendment rights. Defendants moved for summary judgment on the damages claim on the theory that they had not violated clearly established law and that hence they were entitled to qualified immunity. Defendants' motion was denied without opinion, and they have now appealed. *See Mitchell v. Forsyth,* 472 U.S. 511, 105 S.Ct. 2806, 86 L.Ed.2d 411 (1985) (allowing immediate appeal from an order denying qualified immunity claims). Defendants claim they did not discharge plaintiff at all. Rather, they say, plaintiff was a "transitory" employee, that is, one appointed for a fixed term, and they simply refused to give plaintiff a new appointment once his fixed term had expired.

1. *Procedural due process.* With respect to plaintiff's procedural due process claim, defendants' position is that it was not clearly established law at the time of plaintiff's job termination that an employee with a contractually fixed term of employment had a property interest in employment beyond the specified term and hence had a constitutional right to notice or a hearing. In general, defendants are correct. *Board of Regents v. Roth,* 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972) (professor with one year term of appointment has no property interest in renewal of

his appointment and no right to notice or hearing concerning the reasons for nonrenewal). Property interests may be created, however, not only by explicit contractual provisions but also by an implied contract or officially sanctioned rules of the work place. *Perry v. Sindermann,* 408 U.S. 593, 601–02, 92 S.Ct. 2694, 2699–2700, 33 L.Ed.2d 570 (1972).

Plaintiff alleges in his complaint and affidavit that, although he was classified as a transitory government employee, he always understood his position to be permanent in nature. He had been employed in a transitory capacity for nearly six years before his discharge without notice or hearing. What plaintiff does not allege, however, is a basis for his "understanding" that his position was, in effect, permanent and thus not governed by Puerto Rico law providing that a transitory employee "may be removed from service at anytime during the term of his appointment." 3 L.P.R.A. § 1336(9) (Supp.1985). *See Perry v. Sindermann,* 408 U.S. at 602 n. 7, 92 S.Ct. at 2700 n. 7, ("If it is the law of Texas that a teacher in the respondent's position has no contractual or other claim to job tenure, the respondent's claim would be defeated.") He does not describe any promises or representations made that might give rise to a property interest in employment beyond the expiration date of his appointment. Thus, plaintiff has so far alleged only "a mere subjective 'expectancy'" that his job would continue indefinitely. *See Perry v. Sindermann,* 408 U.S. at 603, 92 S.Ct. at 2700. Without more, he has no property interest in his employment.

Defendants view plaintiff's failure to plead the basis of his claim to a permanent position as proof that there is no genuine issue of material fact that his employment was for anything other than a fixed term. Thus, defendants argue, they are entitled to summary judgment. This argument, focusing on whether facts are disputed, is not a proper subject of our review as part of an interlocutory appeal on the issue of qualified immunity. *Bonitz v. Fair,* 804 F.2d 164, 166–67, 175–76 (1st Cir.1986). We specifically indicated in *Bonitz* that we do not

"'consider the correctness of the plaintiff's facts, nor even determine whether the plaintiff's allegations actually state a claim,'" but limit our inquiry to "'whether the legal norms allegedly violated by the defendant were clearly established at the time of the challenged actions.'" *Id.* at 166 (quoting *Mitchell v. Forsyth,* 105 S.Ct. at 2816 & n. 9). It therefore is beyond our jurisdiction to consider the state of the factual record in order to determine whether defendants are entitled to summary judgment on the merits.

The qualified immunity question in this case is whether it was clearly established in 1985 that a transitory employee with only a subjective expectation of permanent employment was entitled to the protections of due process. Under *Perry v. Sindermann,* such an employee has no procedural due process rights, and thus it was not clearly established in 1985 that plaintiff was entitled to the protections of due process. Therefore, on the basis of the allegations before us, defendants are entitled to qualified immunity.

■ 2. *First amendment claim.* Defendants' first amendment argument is not that they are entitled to qualified immunity because political affiliation was an "appropriate" requirement for plaintiff's particular position, thus justifying their failure to reappoint him. *See Branti v. Finkel,* 445 U.S. 507, 100 S.Ct. 1287, 63 L.Ed.2d 574 (1980); *Elrod v. Burns,* 427 U.S. 347, 96 S.Ct. 2673, 49 L.Ed.2d 547 (1976). Indeed, there is no indication of the nature of plaintiff's job duties. Rather, defendants' argument is that, in contrast to the career or permanent positions at issue in *Elrod* and *Branti,* it was not clearly established at the time of plaintiff's termination that a "transitory" employee whose term had expired was protected from a politically based non-renewal.

We disagree. Despite defendants' attempts to distinguish the termination of plaintiff's job from the "discharges" covered by *Elrod* and *Branti,* we find ample evidence in Supreme Court cases that there

is no practical difference between these two categories for first amendment purposes. In *Perry v. Sindermann,* 408 U.S. at 593, 92 S.Ct. at 2695, the Court held that the nonrenewal of a college professor's contract would violate the first amendment if it were based on his protected free speech—even if the professor lacked a property interest in continued employment.

> For at least a quarter-century, this Court has made clear that even though a person has no " 'right' " to a valuable governmental benefit and even though the government may deny him the benefit for any number of reasons, there are some reasons upon which the government may not rely.

*Id.* at 597, 92 S.Ct. at 2697. Moreover, in *Elrod,* the Court considered whether "conditioning the *retention of public employment* on the employee's support of the in-party" would survive constitutional challenge. 427 U.S. at 363, 96 S.Ct. at 2685 (emphasis added). And in *Branti,* the Court observed that, "[a]fter *Elrod,* it is clear that the lack of a reasonable expectation of continued employment is not sufficient to justify a dismissal based solely on an employee's private political beliefs." 445 U.S. at 512 n. 6, 100 S.Ct. at 1291.

We think these cases make it clear that *Elrod* and *Branti* apply generally to an employee's right to *retain* his public employment, and they do not distinguish between employees discharged from a permanent position and those who fail to receive a new appointment. *Accord McBee v. Jim Hogg County, Tex.,* 730 F.2d 1009, 1015 (5th Cir.1984) (en banc). This distinction is particularly invalid in the case of an employee like the plaintiff here who has long been employed in a supposedly transitory position.[1] Any other result would seriously undermine *Elrod* and *Branti* because local governments could pass laws providing that the jobs of nonpolicymaking employees extend only from election to election, and that the new officeholder is entitled to make all new appointments. *See, e.g., McBee,* 730 F.2d at 1009 n. 2. (Texas law provides that "deputy sheriffs are the creatures of the sheriff, serving at his pleasure and departing with him at the end of his term."); *Tanner v. McCall,* 625 F.2d 1183 (5th Cir.1980) (Florida law provides that appointment as deputy sheriff ends when power of appointing sheriff ends); *Mele v. Fahy,* 579 F.Supp. 1576 (D.N.J.1984) (statute provides that municipal department heads "shall serve during the term of office of the mayor appointing him"); *Bavoso v. Harding,* 507 F.Supp. 313 (S.D.N.Y.1980) (city counsel reappointed every year by city council). We think it was made clear in *Elrod* and *Branti* that technical niceties are not to be relied upon to avoid application of the principles stated in those cases. *See Branti,* 445 U.S. at 512 n. 6, 100 S.Ct. at 1291 n. 6; *Elrod,* 427 U.S. at 359–60 n. 13, 96 S.Ct. at 2683 n. 13.[2]

A case relied upon by defendants, *Messer v. Curci,* 610 F.Supp. 179 (E.D.Ky.1985), is not to the contrary. In that case, plaintiffs were two seasonal maintenance workers who had been employed for eight years and three years, respectively, from the period of mid-March through mid-November. They alleged that they were not rehired in March 1984 because they had failed to work in the 1983 election campaign of Gov-

---

1.  We find no significance in the line defendants attempt to draw between a transitory employee appointed to a pre-existing or permanent position and an employee who was appointed to a position that was specifically created for a fixed period. It may be that such a distinction would make a difference when the "fixed period" had not continuously been extended, and the employee had been appointed only once for a brief period of time in a position whose duties naturally terminated at the end of that period.

2.  In *Garretto v. Cooperman,* 510 F.Supp. 816, 818 n. 1 (S.D.N.Y.1981), *aff'd,* 794 F.2d 676 (2d Cir.1984) the court described as an open question whether *Elrod* and *Branti* "apply to a case of failure to reappoint." In support of this observation, it cited footnote six in *Branti,* which we cited in part above, and *Bavoso v. Harding,* 507 F.Supp. 313 (S.D.N.Y.1980), which applied *Elrod-Branti* principles to a failure to reappoint case. Presumably, the court construed the *Branti* footnote to indicate that failure to reappoint does not fall within the case's holding. We read that language differently and, for the reasons described above, disagree with the *Garretto* court's conclusion.

ernor Martha Layne Collins. *Messer* is distinguishable, however, because the relevant Kentucky statute limited plaintiffs' employment to eleven months in duration, causing plaintiffs to file new applications for employment each year. As a result, the court concluded that the case should be treated as a failure to hire. Those circumstances are significantly different from this case, where plaintiff remained an employee until the allegedly unconstitutional act dismissing him. *See Elrod*, 427 U.S. at 374, 96 S.Ct. at 2690 (Stewart, J., concurring) ("This case does not require us to consider the ... constitutional validity of a system that confines the *hiring* of some governmental employees to those of a particular political party....") (emphasis added).

In rejecting defendants' claim of qualified immunity on the first amendment issue, we again emphasize that defendants may well be entitled to summary judgment on other grounds. Even though plaintiff was on sick leave when defendants took office, defendants extended his appointment from January 31, 1985, to March 31, 1985, and during that period conducted an evaluation of the need for the approximately 700 transitory positions in the Department of Labor and Human Resources. It was only after this evaluation that plaintiff's position was terminated. Thus, it is possible that plaintiff will be unable to meet his burden of showing that the dismissal would not have occurred but for his political affiliation. *See Jimenez Fuentes v. Gaztambide*, 807 F.2d 236 (1st Cir.1986). In addition, we have no evidence before us concerning the nature of plaintiff's job, and thus do not consider whether that position is one for which political affiliation is an appropriate requirement. *Id.*

Our holding on the first amendment issue, therefore, is a narrow one. We conclude only that defendants are not entitled to summary judgment on the basis of qualified immunity because it was clearly established at the time of plaintiff's termination that even a "transitory" employee like plaintiff who had been employed for nearly six years enjoyed the protections described in *Elrod* and *Branti*.

*For the foregoing reasons, the judgment of the district court is affirmed so far as it denied summary judgment on the ground of qualified immunity on the first amendment claim. The judgment of the district court on the due process claim is reversed, and the case is remanded with instructions to enter summary judgment on that issue for defendants on the basis of qualified immunity.*