**Roberto DE LA CRUZ ANDREU, for himself and on behalf of the Conjugal Partnership constituted with his wife Iris Lynette Valencia Camacho, Plaintiffs,**

v.

**Roberto INCLAN, Administrator of the General Services Administration of the Commonwealth of Puerto Rico, in his personal and official capacity, Defendant.**

Civ. No. 85–0670 (JP).

United States District Court,
D. Puerto Rico.

Aug. 17, 1987.

José Ramón Pérez Hernández, Old San Juan, P.R., for plaintiffs.

José A. Sánchez Alvarez, Hato Rey, P.R., for defendant.

## OPINION AND ORDER

PIERAS, District Judge.

This is an action for back pay, damages, declaratory relief and injunctive relief brought pursuant to 42 U.S.C. § 1983. Plaintiff alleges a cause of action arising under the first and fourteenth amendments to the United States Constitution for his dismissal from his position as Assistant Auditor V in the Accounts Receivable Section of the General Services Administration. He alleges his dismissal arose from his political affiliation.

The matter is before the Court on Defendant's Motion for Summary Judgment and plaintiff's opposition. In support of defendant's motion, he argues that plaintiff was a transitory employee and that defendant is entitled to qualified immunity enjoyed by public officials.

The record reveals the following uncontested material facts.

Plaintiff was originally employed with the General Services Administration (GSA) on December 3, 1979, as an Assistant Auditor III, a transitory appointment, lasting only 3 to 6 months, with a salary of $610.00 per month. On June 1, 1981, he was promoted to Assistant Auditor IV, and his salary was increased to $745.00 per month.

On November 2, 1983, he was promoted to Assistant Auditor V with a salary of $885.00 per month. On July 1, 1984, he was given an extension of the transitory contract to February 15, 1985. On some occasions, the plaintiff continued his employment after the transitory expiration date and at a later date the contract was issued retroactively. In all, plaintiff enjoyed four transitory appointments covering over a five-year period.

On January 25, 1985, Isabel Quiñones de García, Assistant Manager, sent plaintiff a letter advising him that he is terminated from his employment at the GSA because "his appointment in the position of Auditor IV in the Finance Division expires on February 15, 1985."

As Assistant Auditor V, plaintiff supervised six transitory employees, whose positions included Assistant Auditor I, Office Clerk Typist III, Accounting Clerk, and Investigator. The OP–16 job classification form for plaintiff's final position, signed by his immediate supervisor, the Finance Director, indicates the only office equipment he used was a calculator, for 25% of his working time.

The New Progressive Party (NPP) lost the Puerto Rico general elections in 1984, and with it control of the executive branch of the Commonwealth government. The standard bearer of the winning Popular Democratic Party (PDP), Rafael Hernández Colón, took office as Governor of Puerto Rico in January 1985. Defendant Roberto Inclán was appointed by Governor Hernández Colón as Administrator of the GSA of the Commonwealth of Puerto Rico in January of 1985.

### I. The Standard for Summary Judgment

Summary Judgment is proper only if the pleadings and other evidence in the record "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). In passing on a summary judgment motion, the Court must view the record and draw inferences in the light most favorable to the opposing party.

*Poller v. Columbia Broadcasting Co.*, 368 U.S. 464, 82 S.Ct. 486, 7 L.Ed.2d 458 (1962); *Hahn v. Sargent*, 523 F.2d 461, 464 (1st Cir.1975), *cert. denied*, 425 U.S. 904, 96 S.Ct. 1495, 47 L.Ed.2d 754 (1976). With these principles in mind, we now examine defendant's motion.

## II. *Qualified Immunity*

In actions brought under 42 U.S.C. § 1983, a defense of qualified immunity from liability for damages is available to state executive officers performing discretionary functions, "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982). On a motion for summary judgment, it is appropriate for a trial court to determine whether the law was clearly established at the time of the conduct at issue. *De Abadia v. Izquierdo Mora*, 792 F.2d 1187 (1st Cir.1986). At the time of plaintiff's demotion, the law was clearly established that public employees are protected by the First Amendment guarantees of freedom of speech and association from being discharged or demoted solely because of political affiliation, unless political affiliation is an appropriate requirement for the effective performance of the office involved. *Branti v. Finkel*, 445 U.S. 507, 518, 100 S.Ct. 1287, 1294–95, 63 L.Ed.2d 574 (1980); *Elrod v. Burns*, 427 U.S. 347, 367–68, 96 S.Ct. 2673, 2686–87, 49 L.Ed.2d 547 (1976). In *Branti* and *Elrod*, the Supreme Court recognized that in certain positions of government employment, where an employee's private political beliefs would interfere with the performance of his public duties, his first amendment rights could be required to yield to the state's vital interest in maintaining governmental effectiveness and efficiency. *Branti*, 445 U.S. at 517, 100 S.Ct. at 1294; *Elrod*, 427 U.S. at 366, 96 S.Ct. at 2686. The issue we must decide is whether, under an objective analysis, the defendant was reasonable in believing party affiliation was an appropriate requirement for plaintiff's position. *De Abadia, supra*, 792 F.2d at 1191.

Under the *Branti–Elrod* analysis, the threshold inquiry is to determine whether the position at issue relate to partisan political interests or concerns. *Jimenez Fuentes v. Torres Gaztambide*, 803 F.2d 1, 6 (1st Cir.1986). *See also Collazo Rivera v. Torres Gaztambide*, 812 F.2d 258, 260 (1st Cir.1987). If that issue is satisfied, then we must determine whether the inherent responsibilities of the position are such that party affiliation is an appropriate requirement for the job. *Jiménez Fuentes*, 803 F.2d at 6; *Collazo Rivera*, 812 F.2d at 261.

Defendant merely argues that plaintiff, because he is a transitory employee, is without a property interest to continued government employment and therefore may be discharged because of his political affiliation. However, the determination of the first amendment and the fourteenth amendment issues are distinct. Even though a government employee may not have a property interest, he may not be discharged for his political affiliation unless the position falls within the *Branti* exception. *Perry v. Sindermann*, 408 U.S. 593, 597, 92 S.Ct. 2694, 2697, 33 L.Ed.2d 570 (1972); *see also Cheveras Pacheco v. Rivera González*, 809 F.2d 125 (1st Cir. 1987).

Our two part inquiry as to whether plaintiff falls within the *Branti* exception must focus on the OP–16 job classification form. *Mendez–Palou v. Rohena Betancourt*, 813 F.2d 1255, 1260 (1st Cir.1987). We need only paraphrase its most salient textures.

"analyze reports;"

"analyze accounts;"

"audit invoices;"

"prepare the revenues reports;"

"prepare a report to the Treasury Department;"

"orient the public officials of agencies, municipalities, and public corporations concerning the debts;"

"review the reports on debts and collections;"

"to prepare reports on payment obligations of the agencies, municipalities and corporations;"

"to attend at meetings, with mayors, concerning debts incurred by their municipalities and to coordinate payment for the liquidation of same;"

"prepare a monthly report of all collection steps taken;

"prepare letter to different governmental dependencies in relation to ... debts."

■ We conclude on a thorough review of the OP–16 form that plaintiff's functions may be "measured-solely by strictly technical or professional criteria [rendering the job] non-partisan in nature and not properly a target of patronage dismissal." *Mendez–Palou*, 813 F.2d at 1258. He performs exclusively accounting functions and prepares interagency and intra-agency reports related to accounting and debt collection. Given that his duties are solely technical in nature, we may properly end the inquiry in the first stage of the two-part test. Accordingly, defendant's Motion for Summary Judgment on the first amendment issue is DENIED.

### III. *Due Process*

■ The defendant argues that plaintiff did not hold a property interest to continued employment. The due process clause of the fourteenth amendment guarantees public employees with a property interest in continued employment the right to an informal hearing prior to being discharged. *Brock v. Roadway Express,* — U.S. —, 107 S.Ct. 1740, 95 L.Ed.2d 239 (1987); *Cleveland Bd. of Educ. v. Loudermill,* 470 U.S. 532, 542, 105 S.Ct. 1487, 1493, 84 L.Ed.2d 494 (1985). A property interest is created by "existing rules or understandings that stem from an independent source such as state law." *Loudermill,* 470 U.S. at 538, 105 S.Ct. at 1491.

■ Defendant contends that because plaintiff held a transitory position, under Commonwealth statutory law, he did not enjoy a property interest to continued government employment beyond the last fixed employment contract. However, property interests are not only created by explicit contractual provisions or state statutory law, but also by "mutually explicit understandings" between the employer and employee that will support an expectancy of further employment. *Perry v. Sindermann,* 408 U.S. 593, 602, 92 S.Ct. 2694, 2700, 33 L.Ed.2d 570 (1972). However, that expectancy is insufficient if it is merely a unilateral "subjective expectancy" on the part of the employee, with no other evidence to back it up. *See Cheveras Pacheco v. Rivera González,* 809 F.2d 125 (1st Cir. 1987), where the Court held that a transitory employee who worked under fixed term contracts for six years and who could show no basis for his subjective, unilateral understanding that his position was permanent held no due process rights. 809 F.2d at 127.

■ In contrast, the plaintiff herein argues on the basis of exhibits submitted that the GSA was going to create a permanent position on his behalf. He was specifically designated liaison between the GSA and the Treasury Department, and he was considered by some administrators to be a permanent employee. A material issue of fact exists as to whether plaintiff labored under a mere subjective expectancy of a permanent position or whether there were mutually explicit understandings that he would be placed in a career position. Accordingly, the Motion for Summary Judgment on the due process claim is DENIED.

The Trial in this case will proceed on the first and fourteenth amendment claims.

IT IS SO ORDERED.