**Agapita Rosa VELAZQUEZ, et al., Plaintiffs,**

**v.**

**Edna J. FIGUEROA GOMEZ, et al., Defendants.**

**Civ. No. 90–1192 GG.**

United States District Court, D. Puerto Rico.

Sept. 27, 1991.

Mercado & Soto, Juan B. Soto-Balbas, San Juan, P.R., for plaintiffs.

Aldarondo & Lopez Bras, Eliezer Aldarondo Ortiz, Hato Rey, P.R., and José R. Feijoo, Santurce, P.R., for defendants.

## OPINION AND ORDER

GIERBOLINI, District Judge.

Before the court is a motion for summary judgment filed by defendants.[1]

## I. BACKGROUND

Plaintiffs assert that their dismissal or separation from their employment with the Municipality of Luquillo violated their rights under the first, fifth and fourteenth amendments of the U.S. Constitution. They have brought suit under 42 U.S.C. § 1983 against the Municipality of Luquillo, Edna Figueroa Gomez, the Mayor of Luquillo, Angel Rosa Berrios, the secretary of the Municipality, and Jaime Torrens, the personnel director of the Municipality.

The plaintiffs are twenty eight career employees, twelve employees occupying irregular or transitory positions and two employees that occupied trust positions. For purposes of the summary judgment motion, we assume that the plaintiffs were members of the Partido Nuevo Progresista (PNP) and the defendants were members

---

**1.** By agreement dated August 9, 1991, the parties consented to proceed to trial before a U.S. Magistrate Judge. However, the parties had agreed previously to have this court decide the pending motion for summary judgment. *See* Minutes of Status Conference, Aug. 9, 1991, Docket # 36.

of the Partido Popular Democratico (PPD) in 1989.

On November 8, 1988, the candidate of the PNP for Mayor of Luquillo, Edna Figueroa Goméz defeated the incumbent PPD Mayor. In January of 1989, Ms. Figueroa Gomez assumed the office of Mayor of Luquillo. Shortly thereafter, on April 11, 1989, letters signed by defendant Angel Rosa Berrios, were sent to the plaintiffs informing them that there was no evidence that their appointments to their respective positions were valid. The letters advised the plaintiffs to communicate with a Personnel Officer, in order to schedule a hearing to substantiate the validity of their appointment. Neither plaintiffs nor defendants have stated whether any of the plaintiffs availed themselves of the hearing to validate their appointment.

In June of 1989, the plaintiffs were dismissed. Plaintiffs allege that the sole basis for their dismissal was their affiliation with the PNP. Defendants argue in the motion for summary judgment that they are entitled to qualified immunity and that they have not violated the plaintiffs' due process rights.

Under Puerto Rico's Personnel Act, a "career" employee may be discharged only for just cause while an employee in a trust or confidential position may be discharged at will. 3 L.P.R.A. § 1350. A transitory employee "may be removed from service at anytime during the term of his appointment." 3 L.P.R.A. § 1336(9). However, even if a public employee has no property right under Puerto Rico's Personnel Act, he or she may not be dismissed "based solely on an employee's private political beliefs." *Branti v. Finkel*, 445 U.S. 507, 512 n. 6, 100 S.Ct. 1287, 1291 n. 6, 63 L.Ed.2d 574 (1980).

## II. SUMMARY JUDGMENT

In determining whether summary judgment is appropriate, the court must view the record in the light most favorable to the party opposing the motion, and indulge all inferences favorable to that party. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324–25, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986); *Santiago Hodge v. Parke Davis & Co.*, 909 F.2d 628, 633–34 (1st Cir.1990); *Amsden v.*

*Moran*, 904 F.2d 748 (1st Cir.1990), *cert. denied*, — U.S. —, 111 S.Ct. 713, 112 L.Ed.2d 702 (1991). Summary judgment may be granted only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Brennan v. Hendrigan*, 888 F.2d 189, 191 (1st Cir. 1989).

*Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970) establishes that the party moving for summary judgment has the initial burden of showing "the absence of a genuine issue concerning any material fact." *Id.* at 159, 90 S.Ct. at 1609. If the movant shows that there is an absence of evidence to support the non-moving party's case, the burden shifts to the non-movant (in this case plaintiffs) to establish the existence of a genuine issue of material fact. *Celotex*, 477 U.S. at 324, 106 S.Ct. at 2553. The materiality of a fact is determined according to the substantive law that governs the dispute. A fact is material only if it affects the outcome of the suit. *Anderson*, 477 U.S. at 248, 106 S.Ct. at 2510. A material fact creates a genuine issue for trial "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." 477 U.S. at 248, 106 S.Ct. at 2510.

In deciding defendants' motion for summary judgment, we examine the facts in the light most favorable to the non-moving party, in this case, plaintiffs. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324–25, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986); *Santiago Hodge v. Parke Davis & Co.*, 909 F.2d 628, 633–34 (1st Cir.1990); *Roy v. Augusta*, 712 F.2d 1517 (1st Cir.1983).

## III. DISCUSSION

### A. *Due Process*

#### 1. Career employees

The defendants assert that the appointment of the twenty-eight career em-

ployees was null and void and therefore these employees had no property right under Puerto Rico law. Defendants assert that the plaintiffs' appointment violated several procedural requirements of the Personnel Act, including the requirements that the position be advertised and that it be offered through a competency examination. Defendants have submitted the affidavit of the three individual defendants in which they swear under penalty of law that the twenty eight plaintiffs were dismissed after a careful study of their files made by a former Deputy Director of the Personnel Office revealed that their appointments were null and void.

The Supreme Court in *Celotex* held that Rule 56 had no "implied requirement [that] the moving party [in this case, defendants] support its motion with affidavits or other similar materials *negating* the opponent's claim." 477 U.S. at 323, 106 S.Ct. at 2553. Although more than a year has passed since the defendants filed their motion for summary judgment, plaintiffs have failed to oppose the motion with any kind of evidence that creates a genuine issue of material fact. Instead, plaintiffs have filed a conclusory sworn statement which states:

> We have knowledge of the allegations made by our attorneys in the Opposition to the Motion for Summary Judgment filed by the defendants, and to the best of our understanding everything mentioned therein is true.

(Plaintiffs' Opposition to Defendants' Motion to Dismiss, Exh. A). In the first place, this is not a valid affidavit since the plaintiffs never state that they have *personal knowledge;* rather, they swear to what their attorneys told them was the truth. Second, this conclusory statement signed by thirty-one of the forty-two plaintiffs does not even negate that their appointments were null and void.

We searched the record in this case to find a clear denial by the plaintiffs that their appointments were null and void. Instead, we found an admission by plaintiffs that their appointments were null and void

when they stated in the "contested issues of law" section of the pre-trial order that the defendants are precluded "from raising the irregularities in plaintiffs' selection to their employment position." *See* Pre–Trial Order at 12. Since plaintiffs have failed to raise this argument in its opposition to defendants motion for summary judgment, we will not consider it. Nor have the plaintiffs shown any evidence that Luquillo has not followed the Personnel Act in hiring public employees. *See Santiago–Negrón v. Castro–Dávila,* 865 F.2d 431, 434 (1st Cir.1989).

We have no obligation "to exercise imagination and conjure what a plaintiff might have alleged, but did not, and do counsel's work for him or her." *Pinto v. Universidad de Puerto Rico,* 895 F.2d 18, 19 (1st Cir.1990). *See also Feinstein, et al. v. Resolution Trust Co., etc., et al.,* 942 F.2d 34, 44 (1st Cir., 1991) ("[W]e are not so foolhardy as to require district judges to act as mind readers."). To allow the plaintiffs to go forward at this stage with their unsupported due process claim will contravene Rule 56 as interpreted by the Supreme Court and the First Circuit. *See, e.g., Celotex, supra; Kauffman v. Puerto Rico Telephone Co.,* 841 F.2d 1169 (1st Cir.1988).

After an extensive review of the record, and according the non-moving party the indulgence required, we find that plaintiffs have not presented specific facts showing a genuine issue for trial regarding their due process claim.[2] *Medina Munoz v. R.J. Reynolds Tobacco Co.,* 896 F.2d 5, 8 (1st Cir.1990); *Garside v. Osco Drug, Inc.,* 895 F.2d 46, 48 (1st Cir.1990).

### 2. Irregular employees and confidential employees

■ Since neither the irregular employees nor the confidential employees had a property interest under Puerto Rico law, they have no due process claim. *See, e.g., Cordero v. De Jesús–Mendez,* 867 F.2d 1, 9

---

**2.** Likewise, plaintiffs' statement that the pre-termination hearings afforded by the defendants were a sham is conclusory and unsupported.

(1st Cir.1989). As a matter of law, defendants are entitled to summary judgment.[3]

### B. *Qualified Immunity*

■ Defendants' argument that they are entitled to qualified immunity is frivolous. Plaintiffs in this case were dismissed in 1989. Since the First Circuit has held that in 1985 it was clearly established that a transitory employee whose term had expired was protected from politically-based non-renewal, *see Cheveras Pacheco v. Rivera Gonzalez*, 809 F.2d 125 (1st Cir.1987), defendants' qualified immunity defense fails as to all the plaintiffs.[4]

■ Although they do not acknowledged it in their motion for summary judgment, defendants' attorneys have already argued and reargued this point before this court. In 1987, in a suit brought against the Municipality of Luquillo in which these same attorneys acted as defendants' attorneys, they argued that "transitory" employees are not entitled to First Amendment protection. In unequivocal terms, this court found that argument meritless because of *Cheveras Pacheco. Rivera v. Rios*, 652 F.Supp. 410 (D.P.R.1987). Not only have defendants failed to show any reason why we should re-examine *Cheveras Pacheco* and its progeny, but, more significantly, they have failed to cite and distinguish *Cheveras Pacheco* and *Rivera v. Rios.* For defendants' attorneys, who have actual knowledge that in at least one previous occasion this court has decided the issue against them, to fail to cite and discuss these controlling precedents is too serious

an oversight for this court to let it pass without an explanation.

Within twenty (20) days of notice of this order defendants' attorneys shall submit to this court an explanation regarding their failure to discuss *Cheveras Pacheco* and *Rivera v. Rios.*[5]

No extension of time regarding this matter shall be granted.

### C. *First Amendment Defense*

■ Defendants argue that plaintiff Liduvina Feliciano, who occupied the position of the Director of the Federal Programs and plaintiff Nereida Rodriguez, who occupied the position of Municipal Assembly Secretary, were not entitled to first amendment protection because they occupied positions for which political affiliation was an "appropriate" requirement. *See, e.g., Branti v. Finkel*, 445 U.S. 507, 100 S.Ct. 1287, 63 L.Ed.2d 574 (1980).

Defendants have failed to specify clearly the nature of these positions. They seem to argue that since the positions are classified as trust position,[6] they were free to carry out a politically based dismissal under *Elrod–Branti.* But the First Circuit has held (on numerous decisions) that Puerto Rico's civil service classification is not "determinative of the *Elrod/Branti* question." *Jimenez–Torres v. Torres–Gaztambide*, 807 F.2d 236, 246 (1st Cir.1986), *cert. denied*, 481 U.S. 1014, 107 S.Ct. 1888, 95 L.Ed.2d 496 (1987).

Defendants have not explained what duties these two positions entail nor have they presented what has become a standard exhibit in political discrimination

---

**3.** These plaintiffs have not argued that they had a property right created by "an implied contract or officially sanctioned rules of the work place." *Cheveras Pacheco v. Rivera Gonzalez*, 809 F.2d 125, 127 (1st Cir.1987) (citation omitted).

**4.** Defendants have failed to argue specifically that they are entitled to qualified immunity with respect to the plaintiffs who occupied the confidential or trust position. *See Figueroa–Rodriguez v. Lopez–Rivera*, 878 F.2d 1478, 1482–86 (1st Cir.1989) (en banc). We will not consider arguments not raised by the parties. However, this qualified immunity defense would have probably failed for the same reasons that their *Elrod–Branti* defense fails.

**5.** Defendants' attorneys can not avail themselves of the excuse that they did not argue the issue in *Cheveras Pacheco* and therefore, they did not know of this precedent because (1) the *Rivera* court cited *Cheveras Pacheco* and (2) the plaintiffs cited *Cheveras Pacheco* in their opposition to defendants' motion for summary judgment and defendants filed a Reply to the plaintiffs' opposition.

**6.** Since defendants have not told us so, we only assume that these positions are classified as trust or confidential under Puerto Rico's civil service classification system.

cases, the job classification questionnaire. *See Figueroa–Rodriguez v. Lopez–Rivera,* 878 F.2d 1478, 1482 (1st Cir.1989) (en banc). They merely argue in conclusory terms that the positions of Director of Federal Programs and Municipal Assembly Secretary are "very sensitive positions." (Defendants' Memorandum of Law at 16). This is legally insufficient.

## IV. CONCLUSION

In view of the foregoing reasons, defendants' motion for summary judgment is GRANTED with respect to plaintiffs' due process claims, and DENIED with respect to their qualified immunity and first amendment arguments. The clerk shall enter judgment accordingly.

SO ORDERED.