37 F.3d 1484
NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
 Walter Torres MALDONADO, ET AL., Plaintiffs, Appellees,
v.
Jose Cedeno MALDONADO, ET AL., Defendants, Appellants.
 No. 94-1529
 United States Court of Appeals,
First Circuit.
 Oct. 20, 1994.
 
 APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO [Hon. Carmen Consuelo Cerezo, U.S. District Judge ]
 Ortiz Ballester & Pagan on brief for appellants.
 Carlos A. Del Valle Cruz on brief for appellees.
 D.Puerto Rico
 AFFIRMED.
 Before Selya, Circuit Judge, Campbell, Senior Circuit Judge, and Boudin, Circuit Judge.
 Per Curiam.
 
 
 1
 Several transitory employees filed the present Sec. 1983 action claiming their contracts were not renewed for politically discriminatory reasons in violation of their First Amendment rights. Contending that Orta v. Padilla Ayala, 92 JTS 96 (1992), established that the contracts of transitory employees properly may not be renewed even for politically discriminatory reasons without violating any law, defendants moved for summary judgment on qualified immunity grounds. The district court rejected defendants' reading of the Orta decision and, citing Cheveras Pacheco v. Rivera Gonzalez, 809 F.2d 125 (1st Cir. 1987), where this court, in rejecting a qualified immunity defense, concluded that a transitory employee was protected within the confines of the Branti-Elrod line of cases from a politically based non-renewal, denied defendants' motion for summary judgment. Defendants have now appealed.
 
 
 2
 It is important to note that, unlike the situation in Orta, the plaintiffs have not asserted any property rights in their transitory positions. Rather, their position is that even if they have no property interest under Puerto Rico law in continued employment after the expiration of their contracts, nevertheless defendants may not constitutionally refuse to renew their transitory appointments because of plaintiffs' political affiliation unless political affiliation is an appropriate job requirement. Plaintiffs are correct for the reasons we explained in Cheveras Pacheco v. Rivera Gonzalez, 809 F.2d 125, 127-28 (1st Cir. 1987). As the Otra decision did not expressly address any First Amendment claim under the Elrod-Branti line of cases, we do not agree with defendants' reading of that decision. In any event, however, federal law governs whether an employee enjoys First Amendment protection from a politically based adverse employment action. See Mariani-Giron v. Acevedo-Ruiz, 877 F.2d 1114, 1119 n. 7 (1st Cir. 1989); Santiago-Negron v. Castro-Davila, 865 F.2d 431, 436 (1st Cir. 1989); De Abadia v. Izquierdo Mora, 792 F.2d 1187, 1195 (1st Cir. 1986).
 
 
 3
 Defendants' attempt to distinguish Cheveras Pacheco on the length of transitory employment-28 months in the present case; almost six years in Cheveras Pacheco-is meritless. As we stated in Figueroa v. Aponte-Roque, 864 F.2d 947, 951 & n. 7 (1st Cir. 1989), "transitory employees are protected from politically motivated non-renewals regardless of the number of years they have served.... Although "a long- tenured 'temporary' employee 'particularly' enjoys the protections established in Elrod and Branti, a one-term employee also is protected from political discharge."
 
 
 4
 Appellees have moved for sanctions under Fed. R. App. P. 38. We agree with appellees that this appeal is on the verge of frivolous. Its outcome was controlled by settled law explained in the district court's opinion, and appellants have failed to articulate any reasonable ground for appeal. We thus will impose double costs under Fed. R. App. P. 38.
 
 
 5
 The order denying summary judgment is summarily affirmed. Loc. R. 27.1. Appellants' motion to strike appellees' request for sanctions is denied. Double costs are awarded under Fed. R. App. P. 38.