USCA1 Opinion

 

 October 20, 1994 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ___________________ No. 94-1529 WALTER TORRES MALDONADO, ET AL., Plaintiffs, Appellees, v. JOSE CEDENO MALDONADO, ET AL., Defendants, Appellants. __________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO [Hon. Carmen Consuelo Cerezo, U.S. District Judge] ___________________ ___________________ Before Selya, Circuit Judge, _____________ Campbell, Senior Circuit Judge, ____________________ and Boudin, Circuit Judge. _____________ ___________________ Ortiz Ballester & Pagan on brief for appellants. _______________________ Carlos A. Del Valle Cruz on brief for appellees. ________________________ __________________ __________________ Per Curiam. Several transitory employees filed the __________ present 1983 action claiming their contracts were not renewed for politically discriminatory reasons in violation of their First Amendment rights. Contending that Orta v. _______ Padilla Ayala, 92 JTS 96 (1992), established that the ______________ contracts of transitory employees properly may not be renewed even for politically discriminatory reasons without violating any law, defendants moved for summary judgment on qualified immunity grounds. The district court rejected defendants' reading of the Orta decision and, citing Cheveras Pacheco v. ____ ___________________ Rivera Gonzalez, 809 F.2d 125 (1st Cir. 1987), where this _______________ court, in rejecting a qualified immunity defense, concluded that a transitory employee was protected within the confines of the Branti-Elrod line of cases from a politically based ______ _____ non-renewal, denied defendants' motion for summary judgment. Defendants have now appealed. It is important to note that, unlike the situation in Orta, the plaintiffs have not asserted any property rights ____ in their transitory positions. Rather, their position is that even if they have no property interest under Puerto Rico law in continued employment after the expiration of their contracts, nevertheless defendants may not constitutionally refuse to renew their transitory appointments because of plaintiffs' political affiliation unless political affiliation is an appropriate job requirement. Plaintiffs -2- are correct for the reasons we explained in Cheveras Pacheco ________________ v. Rivera Gonzalez, 809 F.2d 125, 127-28 (1st Cir. 1987). As __________________ the Otra decision did not expressly address any First ____ Amendment claim under the Elrod-Branti line of cases, we do _____ ______ not agree with defendants' reading of that decision. In any event, however, federal law governs whether an employee enjoys First Amendment protection from a politically based adverse employment action. See Mariani-Giron v. Acevedo- ___ __________________________ Ruiz, 877 F.2d 1114, 1119 n. 7 (1st Cir. 1989); Santiago- ____ _________ Negron v. Castro-Davila, 865 F.2d 431, 436 (1st Cir. 1989); _______________________ De Abadia v. Izquierdo Mora, 792 F.2d 1187, 1195 (1st Cir. ____________________________ 1986). Defendants' attempt to distinguish Cheveras Pacheco ________________ on the length of transitory employment--28 months in the present case; almost six years in Cheveras Pacheco--is _________________ meritless. As we stated in Figueroa v. Aponte-Roque, 864 ________________________ F.2d 947, 951 & n. 7 (1st Cir. 1989), "transitory employees are protected from politically motivated non-renewals regardless of the number of years they have served. . . . Although "a long-tenured `temporary' employee `particularly' enjoys the protections established in Elrod and Branti, a _____ ______ one-term employee also is protected from political discharge." Appellees have moved for sanctions under Fed. R. App. P. 38. We agree with appellees that this appeal is on -3- the verge of frivolous. Its outcome was controlled by settled law explained in the district court's opinion, and appellants have failed to articulate any reasonable ground for appeal. We thus will impose double costs under Fed. R. App. P. 38. The order denying summary judgment is summarily affirmed. Loc. R. 27.1. Appellants' motion to strike appellees' request for sanctions is denied. Double costs are awarded under Fed. R. App. P. 38. -4-