**Luis Felipe DIAZ GARCIA,
et al., Plaintiffs,**

**v.**

**Carlos SOLER AQUINO; individually and officially as Administrator of the General Services Administration (GSA); Juan Carlos Ramirez–De–Arellano, individually and as Subadministrator of the GSA; Josefina Bellber, individually and as Aide to the Administrator; Jane Doe; John Doe, Defendants.**

Civil No. 93–1275(SEC).

United States District Court,
D. Puerto Rico.

Feb. 9, 1996.

Carlos Del–Valle–Cruz, Lespier & Muñoz, San Juan, PR, for plaintiffs.

Alex González, Old San Juan and Juan J. Vilella–Janeiro, San Juan, PR, for defendants.

## ORDER

CASELLAS, District Judge.

Pending before the Court is defendants' Motion for Summary Judgment (**Docket # 50**). After careful review of the parties' arguments and applicable law, the Motion for Summary Judgment is **GRANTED** against plaintiffs Jenaro Rosado Vazquez ("Rosado")

and Jannette Castro Correa ("Castro"). The Motion for Summary Judgment against plaintiff Luis Felipe Diaz Garcia is **DENIED**.

### I. Plaintiffs' Absence of Property Interest

Plaintiffs Rosado and Correa allege in their Amended Complaint (Docket #10) that defendants terminated their employment at the Printing Shop Bureau of the General Services Administration of the Commonwealth of Puerto Rico ("GSA"), in disregard of an established layoff plan, in violation of the Due Process Clause of the Fourteenth Amendment. They also allege that their termination was politically based, in violation of their First Amendment Rights. The Court disagrees on both claims.

■ The Fourteenth Amendment of the United States Constitution provides that no person shall be deprived of his property without due process of law. The jurisprudence has extended this protection to traditional forms of real, personal and intangible property as well as the right to certain government benefits. *Board of Regents v. Roth,* 408 U.S. 564, 569–572, 92 S.Ct. 2701, 2705–07, 33 L.Ed.2d 548 (1969).

■ Before the Court determines whether to apply the constitutional guarantee of procedural due process, it must first determine "the presence of a legitimate 'property' or liberty interest within the meaning of the Fifth or Fourteenth Amendment." *Arnett v. Kennedy,* 416 U.S. 134, 164, 94 S.Ct. 1633, 1649, 40 L.Ed.2d 15 (1974); *Board of Regents v. Roth,* 408 U.S. at 572, 92 S.Ct. at 2706. If the Court determines the existence of certain property or liberty interests, it must decide what procedures constitute "due process of law." *Ingraham v. Wright,* 430 U.S. 651, 672, 97 S.Ct. 1401, 1413, 51 L.Ed.2d 711 (1977).

■ Defendants argue, and this Court agrees, that plaintiffs Rosado and Castro do not possess a right to continued employment. Plaintiffs do not invoke any contractual provision or officially sanctioned rule of the workplace that entitles them to their former positions. Instead, they rely solely on their job classification, which they have characterized as that of an "irregular" employee.

Puerto Rico law establishes that employers may terminate an irregular employee whenever his or her services are no longer required, and only a career employee has a property interest in continued employment. P.R. Laws Ann. tit. 3, §§ 711 and 1336(4) (1991 Supp.); *Kauffman v. Puerto Rico Telephone Co.,* 841 F.2d 1169, 1173 (1st Cir.1988).

In *Correa v. Department of Natural Resources,* 118 D.P.R. 689 (1987), the Court determined whether a public employee with a transitory appointment had a legitimate interest to be retained in his job once the time of his appointment has expired. The Supreme Court indicated that, under the pertinent provisions of the Puerto Rico Personnel Act, a transitory employee is one who is appointed to a position of fixed duration, that the duration of the appointment is for the period of the position, and that transitory employees are not career employees. *Id.* at 694–695. The Court also concluded that pursuant to the provisions of the Public Service Personnel Act, a transitory employee did not have a right to a permanent status. Once his appointment expired, noted the Court, he did not have a legitimate job retention expectancy. *Id.* at 697. *See also Cheveras Pacheco v. Rivera Gonzalez,* 809 F.2d 125 (1st Cir.1987). The Court recently restated the norm in *Orta v. Padilla,* 92 J.T.S. 96, 9729, 9735–9736 (1992). Since the Court finds that plaintiffs lacked a legitimate claim of entitlement to continued employment, plaintiffs' claim for violation of Due Process under the Fourteenth Amendment must fail. *Roth,* 408 U.S. at 576, 92 S.Ct. at 2709.

On May 13, 1992, plaintiff Luis Felipe Diaz Garcia, Superintendent of the Printing Bureau, obtained the appointment of Jenaro Rosado Vazquez as an irregular employee from May 18, 1992 to June 30, 1992 to occupy the position of Inspector V (Exhibit 1, Luz Nereida Rodriguez' Statement under Penalty of Perjury, Exhibit 2, Rosado Appointment). Plaintiff worked as an irregular employee from July 1, 1992 to December 31, 1992 (Exhibit 1). On January 1, 1993, defendants extended co-plaintiff Rosado's designation as an irregular employee until March 31, 1993 (Exhibit 5). This document clearly stated

that Rosado's appointment lasted until March 31, 1993. On March 13, 1993, co-defendant Elvin Colon notified Rosado through a letter dated March 13, 1993, that his appointment as an irregular employee expired on March 31, 1993 and that it would not be renewed (Exhibit 6). After review of this evidence, the Court concludes that plaintiff Rosado lacked a property interest on which he could hinge his Due Process claim.

Plaintiff Jeannette Castro is also unable to overcome the property interest "hurdle" required by our jurisprudence, in order to claim a Due Process violation. On June 29, 1990, co-plaintiff Jannette Castro Correa signed an internal memorandum accepting the certain terms and conditions regarding her appointment as an irregular employee at the GSA (Exhibit 7). In that document, she expressly acknowledged that the appointment did not confer a proprietary right, since it was an appointment for a fixed term. From September 30, 1990 until December 31, 1992, defendants extended consecutively Castro's appointment as an irregular employee (Exhibits 8a through 8j). On March 12, 1993, defendant Elvin Colon notified Castro through a letter that her appointment as an irregular employee expired March 31, 1993 and that it would not be renewed (Exhibits 10, 11). Such evidence leads the Court to conclude that plaintiff also lacked a property interest.

The Court acknowledges that even if a person lacks a property interest, the government may not deprive someone of a job for constitutionally forbidden reasons:

> For at least a quarter of a century, this Court has made clear that even though a person has no "right" to a valuable governmental benefit and even though the government may deny him the benefit for any number of reasons, there are some reasons upon which the government may not rely. It may not deny a benefit to a person on a basis that infringes his constitutionally protected interests—especially, his interest in freedom of speech. *Rutan v. Republican Party of Illinois,* 497 U.S. 62, 72 [110 S.Ct. 2729, 2736, 111 L.Ed.2d 52] (1990).

The Court concludes that defendants' nonrenewal of plaintiffs' appointment was not politically motivated, in violation of their First Amendment rights. Defendants note that financial constraints prompted terminations "across the board" at the GSA. More specifically, they note that they failed to extend contracts after March 31, 1993 to twelve employees with irregular appointments that worked at the Printing Bureau (Exhibit 14). Plaintiffs Rosado and Correa were among these employees. Plaintiffs Rosado and Correa have failed to substantiate their political discrimination claims. They rely on the pleadings, bolstered by their unsworn statements under penalty of perjury (Docket # 7; Docket # 10). The First Circuit Court has recently noted that "the test for Summary Judgment is steeped in reality. Although the remedy must be withheld if material facts are authentically disputed, there is a burden of production: the party opposing the motion must set forth specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e). "We have interpreted Rule 56 to mean that 'the evidence illustrating the factual controversy cannot be **conjectural** or **problematic;** it must have substance in the sense that it limns differing versions of the truth which a factfinder must resolve ... If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted, *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249–50 [106 S.Ct. 2505, 2510–11, 91 L.Ed.2d 202].'" *Medina–Muñoz v. R.J. Reynolds Tobacco Co.,* 896 F.2d 5, 8 (1st Cir.1990) (emphasis added).

The Court reiterated "[e]ven in cases where elusive concepts such as motive or intent are at issue, summary judgment may be appropriate if the non-moving party rests merely upon **conclusory allegations, improbable inferences** and **unsupported speculation.**" *Medina–Muñoz v. R.J. Reynolds Tobacco Co.,* 896 F.2d at 8; *see also Martinez v. Colon,* 54 F.3d 980, 984 (1st Cir.1995) (emphasis added). Plaintiffs' statements that "we believe that ... [our] termination ... is a product of our political affiliation" (Docket # 7) is a self-serving conclusory allegation that fails to defeat defendants' Motion for Summary Judgment. Since plaintiffs' allegations do not rise beyond the level of concluso-

ry allegations and improbable inferences, defendants' Motion for Summary Judgment against plaintiffs Rosado and Cotto is **GRANTED (Docket # 50).**

 Defendants' Motion for Summary Judgment with regards to plaintiff Diaz is **DENIED** (Docket # 50). Defendants allege that their actions toward plaintiff Diaz show that he has not been removed or dismissed, or placed in an unreasonably inferior position, invoking the test formulated by the First Circuit in *Agosto de Feliciano v. Aponte Roque,* 889 F.2d 1209 (1st Cir.1989). Instead, defendants argue that plaintiff's previous functions were duties for which political affiliation was a proper requirement and that his transfer to another position with other duties did not constitute political discrimination (Docket # 50, defendants' Motion for Summary Judgment, pp. 21–23).

Defendants' reliance on *Agosto de Feliciano* is misplaced. In a subsequent case, *Nereida–Gonzalez v. Tirado Delgado,* 990 F.2d 701 (1993), the First Circuit questioned whether some vestige of *Agosto de Feliciano* survived the subsequent Supreme Court decision of *Rutan v. Republican Party,* 497 U.S. 62, 110 S.Ct. 2729, 111 L.Ed.2d 52 (1990). Even if it did, the Court in *Nereida* clearly noted that a plaintiff who held a non-policymaking job in the public sector may ordinarily forestall summary judgment by pointing to evidence in the record which, if credited, would permit a rational factfinder to conclude that a demotion occurred and that it stemmed from a politically discriminatory animus. *Nereida* at 706.

Plaintiff Diaz states that "[t]he work sporadically assigned to me is the work regularly performed by lower level employees at the Shop. All the functions described in the job description for my position are being performed by defendant Bellber. Apart from the sporadic and marginal job assignments ... such as making a call for taking care of a black water leak and to repair a machinery, to this date, April 8, 1993, I spend the whole day doing *absolutely nothing* " (Docket # 13, Diaz' Unsworn Statement under Penalty of Perjury Pursuant to 28 U.S.C. § 1746).

Plaintiff's situation is similar to the plaintiff in *Nereida Gonzalez v. Tirado Delgado,* 990 F.2d 701. In that case, defendants temporarily transferred plaintiff to another position, deprived her of prior supervisory functions; although defendants did not directly reduce her pay, they reduced the possibilities for salary enhancements. *Nereida* at 703. Although plaintiff's transfer was temporary and there was no outright salary reduction, the Circuit considered such treatment a demotion within the Court's definition in *Rutan.*

In the present case plaintiff has presented a material fact on whether his treatment by defendants was the result of politically based discriminatory animus, and he has alleged with specificity several situations which suggest political discrimination. Defendants have not established that plaintiff's position falls within the *Elrod–Branti* exceptions which would justify taking plaintiff's political affiliation into account when implementing transfers of personnel. Accordingly, defendants' Motion for Summary Judgment against plaintiff Luis Felipe Diaz Garcia is **DENIED (Docket # 50).**

**SO ORDERED.**