Ruth HATFIELD BERMUDEZ,
et al.  Plaintiffs

v.

Cesar REY HERNANDEZ,
et al.  Defendants

No. CIV. 01–2335(HL).

United States District Court,
D. Puerto Rico.

Feb. 11, 2003.

Francisco R. Gonzalez–Colon, F.R. Gonzalez Law Office, San Juan, PR, Miguel A. Verdiales–Morales, San Juan, PR, for Ruth Hatfield–Bermudez, By herself and as president of the de facto Association of Adult School Directors, Teachers and support staff discriminated by the Department of Education in 2001, which includes Educadores Puertorriquenos en Accion (EPA) members, plaintiff.

Ivonne Palerm–Cruz, Salvador J. Antonetti–Stutts, Director, Yvonne M. Menendez–Calero, Commonwealth Department of Justice, San Juan, PR, Luis Sanchez–Betances, Sanchez Betances & Sifre, P.S.C., San Juan, P.R., for Cesar A. Rey–Hernandez, in his personal capacity and as Secretary Puerto Rico Department of Education, Jose Aldanondro–Rivera, defendants.

## OPINION AND ORDER

LAFFITTE, Chief Judge.

Before the Court is a Rule 12(b)(6) motion to dismiss by Defendants the Department of Education of Puerto Rico ("Department") and various Department

officials in their official and personal capacities. Plaintiffs include Ruth Hatfield Bermudez ("Hatfield") and the De Facto Association of Adult School Directors, Teachers and Support Staff ("Association"). For eight years, Plaintiff Hatfield was awarded a yearly contract by the Department to serve as a School Director for the adult education program in Cayey. She alleges, that the Department refused to renew her contract because of her political affiliation with the New Progressive Party ("NPP"). The Association is comprised of members of a group called the Educadores Puertorriquenos en Accion ("EPA"). According to Plaintiffs, the EPA is a "self-help organization providing guidance and support to all persons that were affected by Defendants"' decision to not renew or terminate contracts for services to the adult education program.[1] Currently, the Association is comprised of fifty-three individuals listed in Plaintiffs' opposition.[2]

Defendants seek dismissal of all claims based on five arguments: 1) the Association does not have standing to bring suit on behalf of its members; 2) Hatfield has failed to state a § 1983 claim by not pleading political discrimination as the motivating factor for the non-renewal of her contract; 3) Hatfield's Fourteenth Amendment rights were not violated because she does not have a property interest in the contract; 4) Defendants are entitled to qualified immunity for their actions; and 5) the Department and all Defendants in their official capacity should be granted Eleventh Amendment immunity against any monetary claims.

## Standard of Review

In ruling on a 12(b)(6) motion to dismiss, a court must accept all well-pled factual averments as true and must draw all rea-

sonable inferences in the plaintiff's favor. *Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 164, 113 S.Ct. 1160, 122 L.Ed.2d 517 (1993); *Carparts Distribution Ctr., Inc. v. Automotive Wholesaler's Ass'n*, 37 F.3d 12, 14 (1st Cir.1994). A court should not dismiss a complaint for failure to state a claim unless it is clear that the plaintiff will be unable to prove any set of facts which would entitle him or her to recovery. *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *Miranda v. Ponce Federal Bank*, 948 F.2d 41, 44 (1st Cir.1991). This deferential standard is not a "toothless tiger." *Doyle v. Hasbro, Inc.*, 103 F.3d 186, 190 (1st Cir.1996). The court is not obliged to accept "bald assertions, unsupportable conclusions, periphrastic circumlocutions, and the like." *Aulson v. Blanchard*, 83 F.3d 1, 3 (1st Cir.1996).

## The Association's Claims

Defendants first argue that the Association does not have standing to bring suit on behalf of its members. "[A]n organization whose members are injured may represent those members in a proceeding for judicial review." *Sierra Club v. Morton*, 405 U.S. 727, 739, 92 S.Ct. 1361, 1368, 405, 31 L.Ed.2d 636 (1972). According to the United States Supreme Court:

> [A]n association has standing to bring suit on behalf of its members when: (a) its members would otherwise have standing to sue in their own right; (b) the interests it seeks to protect are germane to the organization's purpose; and (c) neither the claim asserted nor the relief requested requires the participation of individual members in the lawsuit. *Hunt v. Washington State Apple Advertising Commission*, 432 U.S. 333,

---

**1.** Docket # 35.

**2.** Docket # 35.

343, 97 S.Ct. 2434, 2441, 53 L.Ed.2d 383 (1977).

Plaintiffs' opposition indicates that the Association has met the first two prongs of this test. However, the Court is convinced, based on the pleadings, that the relief requested requires the participation of each individual member of the Association. Plaintiffs have only provided a list of fifty-three individuals who are currently represented by the self-help group, formed in response to the actions of the Defendants. While the complaint explains that some of these individuals were also school directors like Hatfield, neither the complaint nor the opposition indicates what specific injuries these individuals have allegedly suffered as result of political discrimination by the Department and its officials. Accordingly, the Court is particularly reluctant to assume that the monetary damages requested are common to all members or that any award should be shared by all in equal degree. Indeed, as the Seventh Circuit has noted, "[w]e are not aware of any cases allowing an association to proceed on behalf of their members when claims for monetary as opposed to prospective, relief are involved." *Sanner v. Board of Trade of Chicago,* 62 F.3d 918, 922–923 (7th Cir.1995); see also *United Union of Roofers, Waterproofers, and Allied Trades No. 40 v. Insurance Corp. of America,* 919 F.2d 1398, 1400 (9th Cir.1990) ("no federal court has allowed an association standing to seek monetary relief on behalf of its members"). Moreover, given the often fact-intensive and idiosyncratic nature of discrimination claims, some courts have greatly "restricted organizational standing under § 1983 by interpreting the rights it secures to be personal to those purportedly injured." *League of Women Voters v. Nassau Cty. Bd. of Supervisors,* 737 F.2d 155, 160 (2d Cir.1984).

*See also Warth v. Seldin* 495 F.2d 1187, 1194 (2d Cir.1974) ("It is highly doubtful that an organization has standing to represent its members in most cases under the Civil Rights Act."). Hence, the Court has no choice but to dismiss the claims brought by the Association. However, this does not preclude the fifty-three members of the Association to individually file suit against the Defendants.

### Section 1983    Claim

■ Defendants next argue that Plaintiff Hatfield has failed to plead a prima facie case of political discrimination. In particular, Defendants assert that Plaintiff has failed to show that her political affiliation was the motivation for Defendants' actions. Since the Court is obliged to assume that all facts alleged by the Plaintiff are true, the Court believes that Hatfield has sufficiently pled a cause of action for political discrimination. Indeed, in her amended complaint, Plaintiff clearly states that the education contract was not awarded to her "because of her administrative identification to the past NPP Administration." [3]

### Fourteenth Amendment Due Process Claims

■ Thirdly, Defendants argue that Plaintiff's procedural due process claims must be dismissed because as a contract employee, Plaintiff had no property interest in her employment beyond the fixed term. Defendants are correct in their assertion that transitory employees generally do not have a property interest in the renewal of their contracts. *Cheveras Pacheco v. Rivera Gonzalez,* 809 F.2d 125, 127 (1st Cir.1987). However, in limited circumstances a property interest may be created "by an implied contract or through

**3.** Docket # 19.

officially sanctioned rules of the work place." *Cheveras Pacheco*, 809 F.2d at 127. But in order to successfully establish such a right Plaintiff must assert that she understood her position to be permanent in nature and "describe any promises or representations made that might give rise to a property interest in employment beyond the expiration date of...employment." *Cheveras Pacheco*, 809 F.2d at 127. Hatfield's complaint is devoid of any such explanations. Rather, a generous reading of the complaint indicates that at best, she only had a "a mere subjective expectancy" that her job would continue indefinitely. "Without more, [s]he has no property interest in her employment." *Cheveras Pacheco*, 809 F.2d at 127. Accordingly, Plaintiff's due process claims are dismissed.[4]

### Qualified Immunity

 Defendants next argue that they are entitled to qualified immunity for their actions. The qualified immunity doctrine protects state officials from civil liability under § 1983 so long as their conduct does not violate a clearly established constitutional right of which a reasonable official would have been cognizant. *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982); *Ringuette v. City of Fall River*, 146 F.3d 1, 5 (1st Cir.1998). The essence of Defendants argument is that since Plaintiffs' complaint fails to state a claim for relief, the Department and its officials should be granted immunity. However, the Court has already rejected this contention by finding a valid § 1983 claim. Since the Court is obliged at this stage of the proceedings to take as true Plaintiffs' allegations in their complaint, the Court denies Defendants' request for qualified immunity. They may, of course, after significant discovery raise this issue again in a motion for summary judgment.

### Eleventh Amendment Immunity

 Finally, Defendants argue that the Eleventh Amendment mandates the Court to dismiss all monetary claims against the Department and all Defendants in their official capacity. State actors acting in their official capacity are not subject to § 1983 suits for money damages. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71, 109 S.Ct. 2304, 2312, 105 L.Ed.2d 45 (1989); *Negron Gaztambide v. Hernández Torres*, 145 F.3d 410, 416 n. 7 (1st Cir.1998). Plaintiffs have not refuted this contention in their opposition. Accordingly, the Court dismisses all monetary claims against the Department of Education and all Defendants in their official capacity. Plaintiff Hatfield shall continue with her claims for injunctive relief against all the Defendants and for monetary relief against the Defendants solely in their personal capacity.

WHEREAS, the Court hereby grants in part and denies in part Defendants motion to dismiss.

### IT IS SO ORDERED.

---

**4.** This should in no way impact Plaintiff's § 1983 claim. The courts have explicitly held that transitory employees that do not have a property interest in their employment are still entitled to First Amendment protection when their contracts or are not renewed because of their political affiliation. *See Perry v. Sindermann*, 408 U.S. 593, 92 S.Ct. 2694, 33 L.Ed.2d 570 (1972) and *Cheveras Pacheco*, 809 F.2d at 128.